OPINION
{¶ 1} Defendant-appellant, Demetrius H. Williams, appeals his conviction from the Butler County Court of Common Pleas on one count of rape. We affirm.
 {¶ 2} Appellant was employed as a general assistant at the Fairfield Center, a residential facility for the mentally disabled. The center was comprised of multiple *Page 2 
buildings. As a general assistant, appellant's job responsibilities included maintaining the facilities and aiding the residents. Amy Prewitt was also employed as a general assistant and had been acquainted with appellant for approximately one-and-a-half to two years; she had also known appellant's wife for four to five years. On the morning of February 15, 2005, appellant went to visit Prewitt and another employee, Brandy Tumbleson, in another building.
 {¶ 3} At the time the ladies were cleaning the walls of the kitchen. All three exited the building for a cigarette break and when the ladies returned to the kitchen to continue working, appellant followed them. Appellant initiated some horseplay with the ladies, predominantly Prewitt, by poking them and attempting to provoke a fight. Prewitt walked out of the kitchen and into the hallway. Appellant followed her, put his hands on her back, and attempted to push her into the hall bathroom. Prewitt then went back into the kitchen to continue her work. Appellant continued to follow her, stating "come on, you know you want to do it." Prewitt testified that she responded, "No, just leave me alone."
 {¶ 4} Prewitt further testified that she continued to wash the walls, but appellant kept "hovering" over her. At one point, appellant picked Prewitt up over his shoulders, and began to spin her around in the kitchen. Both Prewitt and her co-worker, Brandy, told appellant to leave her alone. When appellant put Prewitt down, Prewitt walked towards Brandy. Prewitt testified, "he followed me, and then he put my hands behind my back and started pushing me in the hallway. * * * He pushed me into the hallway, and then he pushed me into the bathroom. * * * At first I thought he was just goofing off again." Once in the bathroom, Prewitt testified that while holding her wrists together, appellant unbuttoned and pulled down her pants, penetrated her with his finger, and then penetrated her with his penis. Prewitt stated that she was "pleading with him trying *Page 3 
to get him to leave me alone. * * * And he just continued to do whatever he wanted to do."
 {¶ 5} Thereafter, appellant left and Prewitt put her pants back on, left the bathroom, and walked back into the kitchen. The following day, Prewitt reported the rape to her supervisors. The police were notified and Prewitt was taken to the hospital to be examined. The sexual assault nurse testified at trial that the examination revealed bruises on the inside of Prewitt's legs and bruising on the cervix consistent with forcible trauma to the cervical area, indicating that a rape had occurred and not consensual intercourse.
 {¶ 6} Detectives from the Fairfield Police Department met with appellant on two occasions to discuss the alleged criminal activities. Appellant was provided his Miranda warnings, signed a waiver of his rights and agreed to talk to the detectives. Appellant's version of the incident was similar to Prewitt's testimony; however appellant stated that he had first performed oral sex on Prewitt and that the entire act was consensual. During the second meeting, detectives confronted appellant with the victim's statements that the sex was not consensual and that there was no oral sex. The detective testified at trial that appellant stated that he suffered from blackouts and he did not know what had happened. The detective also testified that appellant started to cry and became upset.
 {¶ 7} Appellant was charged with rape in violation of R.C.2907.02(A)(2). At trial, the only issue was whether there was consent. Appellant's version admitted that the sexual act occurred; however, his trial counsel argued the act was consensual. Following the jury trial, appellant was found guilty of first-degree felony rape. As a result, appellant was adjudicated a sexually-oriented offender, sentenced to five years in *Page 4 
prison and assessed a $ 2,000 fine. This court granted appellant's motion for leave to file a delayed appeal from the trial court's judgment and sentence, and appellant now appeals to this court for relief, raising three assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "THE TRIAL COURT ERRED WHEN IT ADMITTED PREJUDICIAL OTHER ACT EVIDENCE, WHICH INDICATED THAT MR. WILLIAMS HAD BEEN THE SUBJECT OF PRIOR POLICE INVESTIGATIONS UNRELATED TO THE PRESENT CHARGE, THEREBY DENYING MR. WILLIAMS HIS RIGHT TO DUE PROCESS AND A FAIR TRIAL."
 {¶ 10} Appellant argues that the trial court erred by allowing testimony which he claims indicates that he was subject to prior police investigations. Appellant argues the testimony was inadmissible "other acts" character evidence. Specifically, appellant cites three statements provided by Detective Sandra Sears of the Fairfield Police Department.
 {¶ 11} On direct examination by the prosecution Det. Sears testified:
 {¶ 12} Q: "Prior to the contact with Demetrius Williams, did you know him?"
 {¶ 13} A: "I had had other contacts with him."
 {¶ 14} When questioned on cross-examination by appellant's trial counsel regarding her recommendation to appellant that he should seek psychiatric care, Det. Sears testified:
 {¶ 15} Q: "And it was your belief, at least at that time from your observation, that he needed that?"
 {¶ 16} A: "Yes. I had prior contact with Mr. Williams."
 {¶ 17} Also, when questioned on cross regarding her investigation of the victim's *Page 5 
allegations, Det. Sears testified:
 {¶ 18} Q: "Now, how many times did you talk with Mr. Williams?"
 {¶ 19} A: "Just for this case or for other cases?"
 {¶ 20} Q: "No, just for this case."
 {¶ 21} A: "I talked to him in depth on two occasions, and I saw him again in your presence."
 {¶ 22} Initially, we note appellant's trial counsel did not object to this testimony at trial. In order to preserve an issue for appellate review, a party must object or otherwise bring the issue to the trial court's attention. See State v. Hancock, 108 Ohio St.3d 57, 69,2006-Ohio-160. Absent such an objection, the alleged error is deemed waived, unless the error constitutes "plain error." Plain error does not exist unless, but for the error, the outcome of the trial would have been different. State v. Waddell, 75 Ohio St.3d 163, 166, 1996-Ohio-100. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
 {¶ 23} Appellant argues that these three statements were impermissibly prejudicial because they alluded to a history of criminal investigations involving appellant. Appellant claims that the statements are inadmissible "other acts" character evidence, the admission of which constitutes plain error.
 {¶ 24} Evid.R. 404(B) prohibits the use of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show that he acted in conformity therewith.
 {¶ 25} A review of the record demonstrates that the statements cited by appellant were not prejudicial. *Page 6 
 {¶ 26} With respect to the first statement, we are not convinced the statement "alludes to a history of criminal investigations involving appellant." Rather, in viewing Det. Sears' testimony leading up to the question cited by appellant, Det. Sears testified that upon approaching appellant at the Fairfield Center to question him about the alleged rape, appellant was dressed in his Butler Tech Police Academy uniform. It is clear that Det. Sears' prior contact with appellant could have been at the Butler Tech Police Academy and not a previous criminal investigation. In addition, the prosecution did not ask any further questions about the prior contact. As a result, we cannot say that the absence of this statement would have produced a different outcome at trial. Similarly, we also find that the second and third statements are not prejudicial.
 {¶ 27} Additionally, with respect to the second and third statements, we also note that appellant's trial counsel elicited these statements during cross-examination. "Appellant cannot, on appeal, complain that the trial court erred in permitting the admission of prejudicial testimony which he elicited from the witness. The rule of invited error prohibits a party who induces error in the trial court from taking advantage of such error on appeal." State v. Jackson, Cuyahoga App. No. 86105, 2006-Ohio-174, ¶ 81, citing State v. Woodruff (1983),10 Ohio App. 3d 326, 327.
 {¶ 28} As a result, we find appellant has not shown that the outcome of the trial would have been different without the admission of the statements at issue. Appellant's first assignment of error is overruled.
 {¶ 29} Assignment of Error No. 2:
 {¶ 30} "THE TRIAL COURT ERRED WHEN IT ALLOWED TESTIMONY WHICH IMPERMISSIBLY BOLSTERED MS. PREWITT'S CREDIBILITY, IN THE ABSENCE OF AN ATTACK ON HER CHARACTER FOR TRUTHFULNESS, THEREBY DENYING MR. *Page 7 
WILLIAMS HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL."
 {¶ 31} Appellant argues in his second assignment of error that testimony was elicited from Det. Sears that bolstered the testimony of the victim, Amy Prewitt. At trial, Det. Sears testified that appellant's trial counsel informed her that Prewitt may have made previous reports of sexual assault. Det. Sears testified that an investigation confirmed that Prewitt had not filed any previous reports of sexual assault. Appellant claims that the admission of this testimony at trial is a violation of Evid.R. 608(A).
 {¶ 32} Like the previous assignment of error, appellant's trial counsel did not object to the testimony, failing to preserve the issue for review. Accordingly, our review for this assignment of error is also limited to a plain error analysis.
 {¶ 33} Evid.R. 608(A) provides, "[t]he credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."
 {¶ 34} Appellant argues the victim's character for truthfulness had not been attacked at trial pursuant to Evid.R. 601(A) and the effect of the statement by Det. Sears showed that the victim was more likely to be telling the truth about the incident. Appellant claims the admission of this testimony constituted plain error because without the testimony, appellant would not have been convicted.
 {¶ 35} Appellant's argument is unpersuasive. The statement appellant cites in this assignment of error does not relate to the victim's veracity or reputation. Rather, this testimony concerns the substantiation of a statement alleged by defense counsel. *Page 8 
We find no plain error by the admission of this statement. Appellant has failed to prove that the outcome of the trial would have been different absent the statement by Det. Sears. Appellant's second assignment of error is overruled.
 {¶ 36} Assignment of Error No. 3:
 {¶ 37} "THE TRIAL COURT IMPOSED A FINE UPON MR. WILLIAMS WITHOUT ADEQUATELY CONSIDERING HIS PRESENT AND FUTURE ABILITY TO PAY."
 {¶ 38} Appellant argues in his third assignment of error that the trial court imposed the $ 2,000 fine for his conviction of rape without properly considering his present and future ability to pay pursuant to R.C. 2929.19(B)(6). Appellant claims there is nothing in the transcript of the sentencing hearing to indicate that the trial court considered his ability to pay. Further, appellant argues his ability to pay is doubtful due to his incarceration. Appellant claims that he is indigent and cites that his appellate counsel was appointed. Appellant also notes that the detective who interviewed appellant testified at trial that appellant stated he was not taking his psychiatric medication at the time of the incident because he could not afford to pay for it.
 {¶ 39} R.C. 2929.19(B)(6) provides, "Before imposing a financial sanction under R.C. 2929.18 or a fine under R.C. 2929.32, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." There are no express factors that must be considered or specific findings that must be made. State v.Martin, 140 Ohio App.3d 326, 338, 2000-Ohio-1942. "Imposition of fines will not be reversed absent an abuse of discretion." State v.Moore, Butler App. No. CA2002-12-307, 2003-Ohio-6255, ¶ 37.
 {¶ 40} The trial court did not abuse its discretion in this case by assessing a $ 2,000 fine against appellant. The trial court ordered and considered a presentence *Page 9 
investigation report prior to assessing the fine. The court's entry stated, "the Court has considered the defendant's present and future ability to pay the amount of any sanction, fine or attorney's fees." In addition, the sentencing court stated at the sentencing hearing, "the Court is aware of the fact that — that he was working for a period of time at a place of employment." Appellant had a job at the time of the incident and an ability to pay. Accordingly, the trial court properly considered appellant's present and future ability to pay.
 {¶ 41} Further, there was no objection by appellant's counsel at the sentencing hearing to the imposition of the fine. "Where the offender does not object at the sentencing hearing to the amount of fines and does not request an opportunity to demonstrate to the court he does not have the resources to pay the fine, he waives any objection to the fine on appeal." State v. Moore, Butler App. No. CA2002-12-307,2003-Ohio-6255, ¶ 41. Appellant's third assignment of error is overruled.
 {¶ 42} Judgment affirmed.
 BRESSLER, P.J., WALSH, J., concurs in judgment only. *Page 1