OPINION
{¶ 1} Defendant-appellant, Joshua Steven Banks, appeals his sentence from the Butler County Court of Common Pleas, asserting that the trial court failed to provide appellant with his right of allocution.
 {¶ 2} This appeal challenges appellant's resentencing hearing, which took place after his previous sentence was reversed by this court inState v. Banks, Butler App. No. CA2005-08-208, 2006-Ohio-3089, and remanded for resentencing in accord with State v. Foster, *Page 2 109 Ohio St.3d 1, 2006-Ohio-856. Appellant presents a single assignment of error for our consideration:
 {¶ 3} "THE TRIAL COURT ERRED, AS A MATTER OF LAW, TO THE PREJUDICE OF APPELLANT BY FAILING TO ASK HIM WHETHER HE WISHED TO SPEAK ON HIS OWN BEHALF DURING HIS SENTENCING HEARING."
 {¶ 4} Appellant argues that the trial court is required to ask a defendant if he wishes to speak on his own behalf at the sentencing hearing, and the trial court erred when it did not do so at appellant's resentencing hearing.
 {¶ 5} Crim.R. 32(A) provides that before imposing sentence in a criminal trial, the trial court shall afford counsel an opportunity to speak on behalf of the defendant and "address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."[1] State v.Reynolds, 80 Ohio St.3d 670, 684, 1998-Ohio-171.
 {¶ 6} Trial courts must "painstakingly adhere to Crim.R. 32," guaranteeing the right of allocution. State v. Green, 90 Ohio St.3d 352,359-360, 2000-Ohio-182. A Crim.R. 32 inquiry is much more than an empty ritual, as it represents a defendant's last opportunity to plead his case or express remorse. Id.
 {¶ 7} The right to allocution is absolute and not subject to waiver due to a defendant's failure to object. State v. Massey, Stark App. No. 2006-CA-00370, 2007-Ohio-3637, ¶ 28, citing State v. Campbell,90 Ohio St.3d 320, 325-326, 2000-Ohio-183. The remedy for a *Page 3 
violation of a defendant's right of allocution is to remand the case for resentencing. Green at 360.
 {¶ 8} The record of the resentencing hearing indicates that the trial court asked if there was any reason why sentence should not be pronounced or in mitigation of sentence. Appellant's trial counsel asked the trial court to consider in mitigation what was "discussed at the original sentencing hearing." "I'd point out that the-my client had done well while incarcerated. We'd ask the court to keep that in mind and shorten the sentence."
 {¶ 9} The trial court then inquired about the terms of the original sentence, was informed about the duration of the original sentence, and then asked the prosecutor if she had anything to say. The trial court stated that "[b]y reference, the court would include its prior sentencing." The trial court indicated that it considered certain statutory factors and proceeded to impose five years in prison, which was the same term previously imposed.
 {¶ 10} The prosecution in the case at bar argues that the failure to address appellant personally and ask if he wanted to speak on his own behalf was invited error and harmless error.
 {¶ 11} While provisions of Crim.R. 32(A) are mandatory in both capital and noncapital cases, a trial court's failure to address the defendant at sentencing is not prejudicial in every case; when a trial court imposes a sentence without first asking the defendant whether he or she wishes to exercise the right of allocution created by Crim.R. 32(A), resentencing is required unless the error is invited error or harmless error. Campbell at 323 and 325; State v. Myers, 97 Ohio St.3d 335,2002-Ohio-6658, ¶ 135.
 {¶ 12} Under the doctrine of invited error, a party is not entitled to take advantage of an error that he himself invited or induced the court to make. State ex rel. Kline v. Carroll, 96 Ohio St.3d 404,2002-Ohio-4849, ¶ 27; State v. Williams, Butler App. No. CA2006-03-067,2007-Ohio-2699, ¶ 27. *Page 4 
 {¶ 13} The prosecution argues that appellant invited the trial court's error because his trial counsel specifically asked the trial court to consider the discussion from the previous sentencing hearing in which appellant spoke on his own behalf.
 {¶ 14} First, we note that the original sentencing hearing took place July 7, 2005. Almost a year later, on June 29, 2006, the resentencing hearing was held. We do not believe trial counsel's request to consider the discussions from the previous sentencing hearing induced the trial court into believing it was not required or could ignore its obligation under Crim.R. 32(A) in a sentencing hearing a year later.
 {¶ 15} Crim.R. 32 does not merely give the defendant a right to allocution; it imposes an affirmative requirement on the trial court to ask if he or she wishes to exercise that right. State v. Campbell,90 Ohio St.3d at 323-324.
 {¶ 16} In fact, the record does not support the argument that the trial court was induced into discarding the requirements of Crim.R. 32. The trial court received comments from defense counsel and asked the prosecutor for input, which are part of the requirements of Crim.R. 32. The trial court did not complete the necessary step of personally addressing appellant and permitting him to speak or to indicate that he did not wish to speak. We find no merit to the claim of invited error in the instant case.
 {¶ 17} The argument that any error by the trial court in this regard was harmless, is problematic for this court, because its application in this matter is elusive. Harmless error is described as "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A).
 {¶ 18} The Ohio Supreme Court found it was harmless error even though a trial court failed to personally address the defendant at sentencing because the defendant had made an unsworn statement to the jury in the penalty phase of trial, sent a letter to the judge, and defense counsel had made a statement to the judge on the defendant's behalf. Statev. *Page 5 Reynolds, 80 Ohio St.3d at 684.
 {¶ 19} The prosecution directs this court to the case of State v.Mynhier (2001), 146 Ohio App.3d 217, 223, in which the First District Court of Appeals found harmless error in a failure to address a defendant because the defendant had not informed the appellate court what he would have said to the trial court in mitigation of his offense if he had been given the opportunity to speak. Under those circumstances, the Mynhier court stated that it was unable to say that the defendant suffered prejudice by the trial court's omission.[2]
 {¶ 20} The Fourth and Eleventh Districts both declined to follow the holding in Mynhier, stating that would not be fair to judge a defendant's mitigation plea on paper when he is entitled to make that plea in person to the court that is sentencing him. State v.Spradlin, Pike App. No. 04CA727, 2005-Ohio-4704, ¶ 10; see, also,State v. Brown, Geauga App. No. 2005-G-3655, 2006-Ohio-1796.
 {¶ 21} The hearing at issue was a sentencing hearing de novo. SeeState v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 37; see, also, R.C.2929.19. While appellant was provided with and did take the opportunity to speak before his sentence was imposed the previous year, he was not given that opportunity at his resentencing hearing. The trial court in the case at bar did not personally address appellant and ask him if he wished to exercise his right to allocution. We do not find this error harmless. Appellant's single assignment of error is sustained. *Page 6 
 {¶ 22} This cause is reversed and remanded for resentencing.
YOUNG, P.J., and BRESSLER, J., concur.
[1] {¶ a} Crim.R. 32 Sentence, states, in part: "At the time of imposing sentence, the court shall do all of the following:
{¶ b} "(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.
{¶ c} "(2) Afford the prosecuting attorney an opportunity to speak;
{¶ d} "(3) Afford the victim the rights provided by law;
{¶ e} "(4) In serious offenses, state its statutory findings and give reasons supporting those findings, if appropriate."
[2] We also note that the Second District previously found harmless error when the defendant did not show what he would have said in mitigation. However, the appeals court later stated that its earlier holdings were inconsistent with a subsequent case and it would follow the mandate that requires that it reverse and remand for resentencing when the trial court fails to afford a defendant the opportunity to speak on his own behalf at his or her sentencing hearing. State v.Cowen, 167 Ohio App.3d 233, 2006-Ohio-3191, ¶ 17. *Page 1