OPINION *Page 2 
{¶ 1} The defendant-appellant, Matthew A. Cooper, appeals the August 21, 2008 judgment of the Marion County Common Pleas Court sentencing him to eight years in prison. For the reasons set forth herein, the judgment of the trial court is affirmed in part and reversed in part.
 {¶ 2} On May 4, 2005, the Marion County Grand Jury indicted Cooper on one count of aggravated burglary, a violation of R.C. 2911.11(A)(2), a first-degree felony, one count of aggravated robbery, a violation of R.C. 2911.01(A)(1), a first-degree felony, one count of kidnapping, a violation of R.C. 2905.01(A)(2), a first-degree felony, and one count of possession of cocaine, a violation of R.C. 2925.11(A), (C)(4), a fifth-degree felony. The charges for aggravated burglary, aggravated robbery, and kidnapping each contained a three-year gun specification.
 {¶ 3} On July 11, 2005, Cooper pled guilty to aggravated burglary with a three-year gun specification and aggravated robbery as charged in the indictment. In exchange for his guilty pleas, the plaintiff-appellee, the state of Ohio, dismissed all remaining charges, including the gun specifications. On August 11, 2005, the trial court sentenced Cooper to five years in prison for aggravated burglary, five years in prison for aggravated robbery, and three years in prison for the gun specification. The court ordered the sentences for aggravated robbery and aggravated burglary to be served concurrently to each other but consecutively to the gun specification for an aggregate prison term of eight years. *Page 3 
 {¶ 4} Cooper did not file a direct appeal; however, on March 1, 2007, he filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio, Eastern Division. Cooper's petition contained three grounds for relief. Two of those grounds were dismissed but the third ground was granted based onBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, and State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. The court directed the state to resentence Cooper within 90 days. See Cooper v. Hudson, Case No. 3:07 CV 610.
 {¶ 5} The trial court held a new sentencing hearing on August 11, 2008 and filed its judgment entry on August 21, 2008. The court imposed the same aggregate eight-year sentence. Cooper appeals the trial court's judgment, raising seven assignments of error for our review.
 Assignment of Error No. 1 Defendant was denied due process of law when the court overruled defendant's motion to dismiss the two counts of the indictment.
 Assignment of Error No. 2 Defendant was denied due process of law when his plea of guilty was not knowingly, intelligently or voluntarily entered based upon representations st [sic] the time fo [sic] the plea.
 Assignment of Error No. 3 Defendant was denied due process of law when the prosecuting attorney took inconsistent positions with respect to the culpability of defendant. *Page 4 
 Assignment of Error No. 4 Defendant was denied due process of law when the court's resentence again violated the sixth amendment.
 Assignment of Error No. 5 Defendant was denied due process of law when the court ruled it was without authority at sentencing to waive court costs.
 Assignment of Error No. 6 Defendant was denied due process of law when the court imposed restitution which was contrary to law.
 Assignment of Error No. 7 Defendant was denied due process of law when he was not afforded his right of allocution at resentencing.
 {¶ 6} For ease of analysis, we elect to discuss the first three assignments of error together. Each of Cooper's first three assignments of error deals directly with his guilty plea and conviction, not the re-sentencing, which is the judgment entry from which Cooper appealed.
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
State v. Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, at paragraph nine of the syllabus. See also State v. Valance, 3d Dist. No. 9-03-02, 2003-Ohio-2387. Therefore, to survive preclusion by res judicata, a defendant must produce new *Page 5 
evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record. State v. Ferko, 9th Dist. No. 20608, 2001-Ohio-1402. See also State v. Seeley, 3d Dist. No. 14-06-48,2007-Ohio-1538.
 {¶ 7} Cooper is appealing the judgment entry filed on August 21, 2008. The first three assignments of error do not relate to any error that occurred when he was resentenced pursuant to the District Court's remand. As noted above, Cooper did not file a direct appeal to challenge his convictions. The first, second, and third assignments of error are overruled.
 {¶ 8} In the fourth assignment of error, Cooper argues that the trial court violated his rights under the Sixth Amendment when he was resentenced.[1] Cooper essentially argues that the trial court made inappropriate findings at the resentencing hearing. Although the findings are not apparent in the transcript, Cooper contends the trial court was required to expressly disavow the findings it made at his original sentencing hearing.
 {¶ 9} The Supreme Court of Ohio has addressed Ohio's felony sentencing scheme and has found certain sentencing statutes to be unconstitutional, including R.C. 2929.14(B). Foster, at ¶ 97, 103. To remedy the constitutional defects, the court severed the offending statutes and "concluded that trial courts have full *Page 6 
discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id., at ¶ 100. There is no language in Foster requiring a trial court to expressly disavow its prior findings, nor is there any language prohibiting a trial court from making comments analogous to findings on the record at a sentencing hearing. Moreover, this Court would suggest that when the prior sentencing order was vacated, the trial court's findings would have been vacated as well. The fourth assignment of error is overruled.
 {¶ 10} In the fifth assignment of error, Cooper argues the trial court deprived him of due process when it ruled that it was without authority to waive court costs. Specifically, Cooper argues that because of his indigency court costs should not have been imposed.
 {¶ 11} A defendant's indigence does not shield him from the payment of court costs. State v. Threatt, 108 Ohio St.3d 277, 2006-Ohio-905,843 N.E.2d 164. Court "costs must be assessed against all defendants." Id. at ¶ 23, citing R.C. 2947.23; State v. White, 103 Ohio St.3d 580,2004-Ohio-5989, 817 N.E.2d 393, at ¶ 8. However, a court has discretion to waive costs assessed against an indigent defendant. Id., citingWhite, at ¶ 14.
 {¶ 12} If a defendant files a motion to waive costs at the time of sentencing, the "issue is preserved for appeal and will be reviewed under an abuse-of-discretion *Page 7 
standard. Otherwise, the issue is waived and costs are res judicata." Id. at ¶ 23. Cooper did not make a motion to waive court costs at his original sentencing on August 10, 2005. See State v. Poindexter, 2d Dist. No. 22315, 2008-Ohio-4143, at ¶ 10, citing State v. Payne,114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306.
 {¶ 13} When a case has been remanded for the limited purpose of reconsidering the period of incarceration, the trial court will not have jurisdiction to consider the imposition of court costs and may not expand the scope of the remand to consider that issue. Id. at ¶ 11, citing State v. Wombold (Feb. 19, 1999), 2d Dist. No. 17191; Nolan v.Nolan (1984), 11 Ohio St.3d 1, 462 N.E.2d 410. Since Cooper's case was remanded for the limited purpose of reassessing his period of incarceration, the trial court did not have authority to waive court costs. The fifth assignment of error is overruled.
 {¶ 14} In the sixth assignment of error, Cooper argues that the trial court erred when it imposed restitution because it did not consider his ability to pay. As stated above, this case had been remanded pursuant toFoster, which limited the trial court to the issue of incarceration. Under the scope of the remand in the instant case, the trial court did not have authority to reconsider restitution, which had been imposed as part of Cooper's original sentence. The sixth assignment of error is overruled. *Page 8 
 {¶ 15} In the seventh assignment of error, Cooper argues that the trial court erred by denying him his right of allocution at sentencing. After finding certain portions of Ohio's sentencing statutes to be unconstitutional, the Supreme Court of Ohio determined that those pending cases affected by its holding had to be remanded to the trial courts for new sentencing hearings. Foster, at ¶ 104. The court noted the "significant time and resource demands on the trial courts" as a result of its holding; however, it repeated that defendants were entitled to new sentencing hearings. Id. at ¶ 104-105. The court also stated that trial courts could rely on the records of prior sentencing hearings if the parties so stipulated. Id. at ¶ 105.
 {¶ 16} If the holding in Foster did not provide clear enough direction to the lower courts as to the proper procedure to be used on remand, the court's subsequent statement in State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, 846 N.E.2d 1, at ¶ 37, should have certainly eliminated any remaining doubt. ("It thus appears that any case that is remanded for "resentencing" anticipates a sentencing hearing de novo, yet the parties may stipulate to the existing record and waive the taking of additional evidence."). As such, the parties' failure or refusal to stipulate to the use of the record from a prior sentencing hearing requires the trial court to conduct a meaningful sentencing hearing consistent with R.C. 2929.19 and Crim. R. 32. *Page 9 
 {¶ 17} Crim. R. 32(A)(1) provides, in pertinent part, that the trial court must "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." R.C. 2929.19 also governs sentencing hearings and states:
 (A) The court shall hold a sentencing hearing before imposing a sentence under this chapter upon an offender who was convicted of or pleaded guilty to a felony and before resentencing an offender who was convicted of or pleaded guilty to a felony and whose case was remanded pursuant to section 2953.07 or 2953.08 of the Revised Code. At the hearing, the offender, the prosecuting attorney, the victim or the victim's representative in accordance with section 2930.14 of the Revised Code, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case. The court shall inform the offender of the verdict of the jury or finding of the court and ask the offender whether the offender has anything to say as to why sentence should not be imposed upon the offender.
 {¶ 18} We recognize that the trial court's failure to ask a defendant whether he has anything to say before sentence is imposed is not a constitutional error. Hill v. United States (1962), 368 U.S. 424, 428,82 S.Ct. 468, 7 L.Ed.2d 417. However, the right of allocution is firmly rooted in the common-law tradition. See State v. Keeton, 5th Dist. No. 2007-CA-13, 2007-Ohio-6342, citingGreen v. United States (1961), 365 U.S. 301, 304, 81 S.Ct. 653,5 L.Ed.2d 670. The right to allocution is both absolute and not subject to waiver due to a defendant's failure *Page 10 
to object. State v. Campbell (2000), 90 Ohio St.3d 320, 325-326,738 N.E.2d 1178.
 {¶ 19} The requirement of allocution is considered fulfilled when the conduct of the court clearly indicates to the defendant and his counsel that each has a right to make a statement prior to the imposition of sentence. Defiance v. Cannon (1990), 70 Ohio App.3d 821, 828,592 N.E.2d 884, citing United States v. Byars (C.A.6, 1961), 290 F.2d 515, 517. However, a trial court's failure to address the defendant at sentencing is not prejudicial in every case. Campbell, at 320. When a trial court imposes sentence without first asking the defendant whether he has anything to say in his defense, the judgment of sentence shall be reversed and the cause shall be remanded for re-sentencing, unless the error is invited or harmless. Campbell, at 325-326. InCampbell, the defendant made no statement to the court, either during the trial or prior to the imposition of sentence. The Supreme Court remanded Campbell's case for resentencing so he could have an opportunity to address the trial court.
 {¶ 20} The Twelfth Appellate District considered the doctrine of invited error after acknowledging that a trial court's failure to afford a defendant the right of allocution is not prejudicial in every case.State v. Banks, 12th Dist. No. CA2006-08-182,2007-Ohio-4968, at ¶ 11. The court noted that remand is not necessary if the error was invited or harmless. Id., citing Campbell, at 323, 325;State v. Myers, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, at ¶ 135. *Page 11 
 {¶ 21} Assessing the facts of Banks' case, the court noted that defense counsel had asked the trial court to consider the record from the prior sentencing hearing, in which Banks had made a statement on his own behalf. Id. at ¶ 13. The court stated, "[w]e do not believe trial counsel's request to consider the discussions from the previous sentencing hearing induced the trial court into believing it was not required or could ignore its obligation under Crim. R. 32(A) in a sentencing hearing a year later." Id. at ¶ 14. The court noted the trial court's compliance with other portions of Crim. R. 32(A); specifically that the court asked defense counsel and the prosecuting attorney for statements but did not afford the same opportunity to the defendant. Id. at ¶ 16.
 {¶ 22} As stated above, Foster and Mathis allow a defendant to stipulate to the court's use of the record from the prior sentencing hearing. In Banks, it appears that defense counsel's statements were not construed to be a stipulation. In the matter before us, defense counsel did not ask the court to consider the prior proceedings. Counsel did reference what Cooper's age, education, criminal background, and work record had been.[2] These statements are insufficient to invoke invited error.
 {¶ 23} The Banks court also held that the court's failure to allow the defendant to speak in allocution was not harmless. The court evaluated the facts *Page 12 
of State v. Reynolds (1998), 80 Ohio St.3d 670, 687 N.E.2d 1358, and several other appellate cases before holding that the error was prejudicial to Banks. Id. at ¶ 17-19. Reynolds is easily distinguished from Cooper's case in that Reynolds had made a voluntary statement to the jury, sent a letter to the judge, and defense counsel had spoken on his behalf. Reynolds, at 683. The court has an affirmative duty to allow defense counsel the opportunity to speak under Crim. R. 32(A)(1), so that fact in Reynolds can be easily discounted. Cooper's situation is more similar to the facts presented in Campbell, where the defendant hadno opportunity to address the trial court, than it is toReynolds, where the defendant addressed the court multiple times.
 {¶ 24} At his original sentencing hearing on August 10, 2005, Cooper told the court, "I just wanted to apologize to the Court and to the [family] and to my family. I was raised better than this. I know I can't take back what happened, but I just have to ask — ." (Hearing Tr., Jun. 26, 2006, at 14). We may not speculate as to what Cooper would have said or not said at a new sentencing hearing. As other appellate districts have held, the defendant is not required to disclose to this Court what he would have said in mitigation of sentence. Banks, at ¶ 19-20, citingState v. Spradlin, 4th Dist. No. 04CA727, 2005-Ohio-4704, at ¶ 10; State v. Brown, 11th Dist. No. 2005-G-3655,2006-Ohio-1796; State v. Cowen, 167 Ohio App.3d 233, 2006-Ohio-3191,854 N.E.2d 579, at ¶ 17. Since we cannot presume to know *Page 13 
what Cooper might have said in mitigation, we can likewise not presume to know what effect his statement might have had on the trial judge's conclusions.
 {¶ 25} Aside from his statement at the original sentencing hearing, which could not be considered at the new sentencing hearing due to the lack of stipulation, Cooper made no other statement that would allow this court to find either invited error or harmless error. The seventh assignment of error is sustained.
 {¶ 26} The judgment of the Marion County Common Pleas Court is affirmed in part and reversed in part. This cause is remanded for a complete sentencing hearing consistent with this opinion, Crim. R. 32(A), and R.C. 2929.19.
Judgment Affirmed in Part, Reversed in Part and Cause Remanded
 ROGERS, J., concurs.
 SHAW, J., concurs in Judgment Only.
[1] We assume that Cooper refers to the Sixth Amendment of the United States Constitution, but this is not clarified in his brief.
[2] The record is unclear if counsel was discussing these factors as of the time the crime was committed or as of the time of the original sentencing hearing. *Page 1