OPINION
{¶ 1} This is an appeal from a one-year sentence of incarceration imposed by the Fairborn Municipal Court on a conviction entered after a plea of guilty to one charge each of Telephone Harassment, Aggravated Trespass, and Aggravated Menacing.
 {¶ 2} During the evening of January 30, 2003, Defendant, Terri Sexton, went to the apartment of her former boyfriend where she made repeated threats to break out his windows, place a bomb in his mailbox, and have his legs broken. She had, prior to that date, left messages on his telephone answering machine threatening other bodily injury. Police were summoned and they arrested Sexton.
 {¶ 3} Sexton plead guilty to charges of Aggravated Trespassing, Aggravated Menacing, and Telephone Harassment in exchange for the State's agreement to dismiss other charges. The court accepted her plea and sentenced her to a $300 fine and two consecutive terms of confinement of 180 days. Sexton filed a timely appeal.
 {¶ 4} Appellant's first assignment of error
 {¶ 5} "Appellant's plea is not valid in as much as it was not made knowingly, intelligently and voluntary"
 {¶ 6} Sexton argues that her guilty pleas were not knowingly, intelligently, or voluntarily made. She asserts that her hesitation in stating her plea should have caused the court to make a further inquiry into her state of mind. Despite Sexton's assertions to the contrary, that is what happened.
 {¶ 7} Crim.R. 11(D) requires that "[i]n misdemeanor cases involving serious offenses, the [trial] court . . . shall not accept [a] plea without first addressing the defendant personally." The record shows that immediately after the court explained the possible maximum sentences for the charges and the possibility that they could be served consecutively, Sexton expressed some hesitation about her expected plea. The court acknowledged her hesitation and gave Sexton an opportunity to discuss her concerns with defense counsel. After a brief recess, the court went back on the record to ask:
 {¶ 8} THE COURT: "How is Ms. Sexton going to plead today?"
 {¶ 9} THE DEFENDANT: "Guilty."
 {¶ 10} THE COURT: "Are you pleading guilty to all three charges?"
 {¶ 11} THE DEFENDANT: "Yes, ma'am."
 {¶ 12} THE COURT: "Are you doing this voluntarily?"
 {¶ 13} THE DEFENDANT: "Yes."
 {¶ 14} THE COURT: "Are you doing it because you are guilty?"
 {¶ 15} THE DEFENDANT: "Yes." (Tr. at 3-6).
 {¶ 16} The brief recess the court granted in order for Defendant to confer with counsel provided Sexton a reasonable opportunity to resolve any reservations she may have had. The court's subsequent questions and Sexton's answers were clear and direct.
 {¶ 17} Furthermore, unlike Crim.R. 11(C), which applies to felonies, Crim.R. 11(D), which applies to misdemeanor cases involving serious offenses, does not require the court to inform the defendant of the rights he or she waives by entering a plea of guilty or no contest. While doing so is good practice in accepting pleas to misdemeanor offenses, the rule imposes no duty on the court to do that.
 {¶ 18} We find that the court determined that Sexton's plea was knowingly, intelligently, and voluntarily made prior to imposing sentence, and further find that the court did not abuse its discretion when it accepted the plea.
 {¶ 19} The first assignment of error is overruled.
 {¶ 20} Appellant's second assignment of error
 {¶ 21} "Appellant's sentence is not legal because the trial judge abused her discretion by sentencing appellant to the maximum jail time without considering all of the necessary factors as set out in R.C. 2929.22
and 2929.12(C)."
 {¶ 22} Sexton argues that the trial court failed to consider all of the sentencing factors outlined in R.C. 2929.22 and R.C. 2929.12. She asserts that the court considered aggravating factors, likelihood of recidivism and failure to seek treatment for drug abuse problems, but ignored any factors in mitigation as required by R.C. 2929.12(C).
 {¶ 23} R.C. 2929.12 applies solely to sentencing in felony cases. The basis of Sexton's sentence are misdemeanor offenses, to which R.C.2929.22(B) is applicable.
 {¶ 24} R.C. 2929.22(B) sets out factors a court must consider when imposing sentence for serious misdemeanors such as those charged here. We have held that trial courts are not required to cite the statute so long as the relevant sentencing factors are considered. City of Miamisburg v.Smith (1982), 5 Ohio App.3d 109.
 {¶ 25} The record demonstrates that the court considered all the relevant R.C. 2929.22(B) factors without expressly citing the section. The court discussed the nature and circumstances of the offenses under (B)(1)(a), the risk that Defendant will commit another offense (B)(1)(b), the danger she poses to others (B)(1)(c), and the likelihood of recidivism given her refusal to participate in a drug treatment program (B)(1)(e). The victim's age, a circumstance made applicable by paragraph (1)(d) of R.C. 2929.11(B), is not relevant to the particular conduct concerned.
 {¶ 26} The court considered the statutory factors relevant to Defendant's conduct when imposing sentence. As a result, Sexton's argument is without merit.
 {¶ 27} Appellant's second assignment of error is overruled.
 {¶ 28} Appellant's third assignment of error
 {¶ 29} "The court committed a reversible error by failing to appoint the appellant the opportunity to address the trial court personally before a sentence was imposed."
 {¶ 30} Sexton argues that she was entitled to address the court personally before sentence was imposed and that the trial court erred when it failed to provide such an opportunity. We agree.
 {¶ 31} Crim.R. 32(A)(1) provides that a court must do two things prior to imposing sentence: 1) "Afford counsel an opportunity to speak on behalf of the defendant;" and 2) "address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." While the defendant may waive the right of allocution, Crim.R. 32(A)(1) imposes an affirmative duty on the court to speak directly to the defendant on the record and inquire whether he or she wishes to exercise that right or waive it. State v. Campbell (2000), 90 Ohio St.3d 320, 326 2000-Ohio-183.
 {¶ 32} The record shows that the court addressed defense counsel, asking: "What would you like me to know about Ms. Sexton?" After discussing a report on her case from Miami Valley Hospital, the court asked counsel again, "What, if anything, would you like me to know?" (Tr. at 6-7). That was followed by another statement by counsel. The court made no independent inquiry of the Defendant, and she did not speak to the issue of her sentence.
 {¶ 33} Crim.R. 32(A)(1) clearly specifies that the court must extend an opportunity to both the attorney and the defendant to make a statement. Failure to do so is reversible error as Sexton asserts, and we are required reverse the sentence imposed and remand the case to the trial court for resentencing. Id.
 {¶ 34} Appellant's third assignment of error is sustained.
 {¶ 35} Having sustained Defendant-Appellant's third assignment of error, we will reverse Defendant's conviction and remand the case for resentencing. The judgment from which the appeal is taken will be otherwise affirmed.
Brogan, P.J. and Wolff, J., concur.