The STATE of Ohio, Appellee,

v.

COWEN, Appellant.

[Cite as *State v. Cowen*, 167 Ohio App.3d 233, 2006-Ohio-3191.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21338.

Decided June 23, 2006.

Gregory Spears, for appellee.

Glen Dewar, Montgomery County Public Defender, and Janet R. Sorrell, Assistant Public Defender, for appellant.

DONOVAN, Judge.

{¶ 1} Defendant-appellant, Clark Cowen, appeals his conviction and sentence for disorderly conduct.

{¶ 2} The incident that forms the basis for Cowen's conviction and sentence occurred on June 9, 2005, when Cowen, who was allegedly intoxicated at the time, threatened to shoot his brother Curtis after an argument over pain medication. Montgomery County sheriff's deputies were dispatched to Cowen's residence, and he was arrested for domestic violence.

{¶ 3} On June 10, 2005, a complaint was filed against Cowen charging him with domestic violence in violation of R.C. 2919.25(C), a misdemeanor of the fourth degree. On July 20, 2005, Cowen pled no contest to a reduced charge of

disorderly conduct in violation of R.C. 2917.11, a misdemeanor of the fourth degree.

{¶ 4} The trial court sentenced Cowen to 30 days in jail. The court gave him jail-time credit for three days already served and suspended the remaining 27 days of his sentence. Additionally, the trial court fined Cowen $200, but suspended $100 of the fine and placed him on five years of probation. Lastly, Cowen was ordered to serve three months on electronic home detention. Execution of Cowen's sentence was stayed pending the outcome of the instant appeal.

{¶ 5} Cowen filed a timely notice of appeal on October 11, 2005.

I

{¶ 6} Cowen's first assignment of error is as follows:

{¶ 7} "The trial court erred by failing to give appellant the opportunity to address the trial court personally before sentence was imposed, as required by Criminal Rule 32."

{¶ 8} In his first assignment, Cowen contends that pursuant to Crim.R. 32, the trial court erred when it failed to provide Cowen or defense counsel with the opportunity to personally address the court during sentencing.

{¶ 9} Crim.R. 32(A)(1) states:

{¶ 10} "At the time of imposing sentence, the court shall do all of the following:

{¶ 11} "(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

{¶ 12} We recently stated in *State v. Sexton,* Greene App. No. 04CA14, 2005-Ohio-449, 2005 WL 281164, ¶ 31 that "[w]hile the defendant may waive the right of allocution, Crim. R. 32(A)(1) imposes an affirmative duty on the court to speak directly to the defendant on the record and inquire whether he or she wishes to exercise that right or waive it." See *State v. Campbell* (2000), 90 Ohio St.3d 320, 326, 738 N.E.2d 1178.

{¶ 13} The state cites our decision in *State v. McBride* (Jan. 26, 2001), Montgomery App. No. 18016, 2001 WL 62543, in which we found that the trial court's error in failing to address the defendant during sentencing was harmless because the defendant did not come forward with specific information about what he would have said in order to mitigate the offense in relation to the punishment the trial court could impose. Thus, the defendant in *McBride* failed to demonstrate how he was prejudiced by the trial court's error, and we could not determine whether the error affected his substantial rights.

{¶ 14} In *State v. Myers* (Feb. 12, 1999), Greene App. No. 96 CA 38, 1999 WL 94917, the case we relied upon for our holding in *McBride,* supra, we found that the trial court's failure to afford the defendant his right to allocution was harmless error only because the defendant previously made a statement under oath and was given the opportunity to present evidence in mitigation of his sentence and the trial court did not rely on any additional information, such as victim-impact statements, prior to imposing sentence. The record in the instant case, however, fails to demonstrate that Cowen was ever given the opportunity to present any evidence in mitigation of his sentence, either prior to or during the sentencing hearing. Moreover, there is no indication in the record that the trial court relied on anything other than Cowen's presentence investigation report when it imposed sentence on him.

{¶ 15} A review of the transcript of the sentencing hearing held on October 5, 2005, reveals that the trial court did address defense counsel regarding jail-time credit and Cowen's presentence report. However, at no point during the hearing did the trial court make the inquiries required by Crim.R. 32(A)(1). The court did not ask whether defense counsel had anything to say on behalf of Cowen, nor did the court ask Cowen if he wished to personally address the court with respect to the sentence about to be imposed on him.

{¶ 16} "Crim.R. 32(A)(1) clearly specifies that the court must extend an opportunity to the attorney and the defendant to make a statement." *Sexton,* 2005-Ohio-449, ¶ 33. The onus is, therefore, on the trial court to inquire of the defendant or his counsel as to whether they have anything to say which may affect the outcome of the sentencing. "[T]he interest that is protected by the right to allocution is the opportunity for the defendant to address the court directly on his own behalf *after* all the information on which the sentencing court relies when pronouncing sentence has been presented." (Emphasis sic.) *State v. Brown,* 166 Ohio App.3d 252, 2006-Ohio-1796, 850 N.E.2d 116, ¶ 13. Here, the trial court's failure to provide Cowen or his counsel with the opportunity to address the court is reversible error. Thus, we are required to reverse the sentence imposed and remand the case to the trial court for resentencing.

{¶ 17} We note that our holdings in *McBride* (Jan. 26, 2001), Montgomery App. No. 18016, and *Sexton,* 2005-Ohio-449, are inconsistent. We shall follow the mandate set forth in *Sexton,* which requires that we reverse and remand for resentencing when the trial court fails to afford a defendant the opportunity to speak on his own behalf at his or her sentencing hearing.

{¶ 18} Cowen's first assignment of error is sustained.

## II

{¶ 19} Cowen's second and final assignment of error is as follows:

{¶ 20} "The trial court erred in sentencing appellant to three months on electronic home detention when the maximum allowable jail term was 30 days."

{¶ 21} In his final assignment of error, Cowen argues that the trial court erred when it sentenced him to three months of electronic home detention ("EHDP") when the maximum amount of time he would have spent in jail was 30 days. Thus, Cowen contends that if the trial court wanted to sentence him to EHDP, the maximum time it could order him to be under house arrest would be 30 days. Essentially, Cowen argues that EHDP is the equivalent of being incarcerated. We disagree.

{¶ 22} "An appellate court will not disturb a sentence unless there exists clear and convincing evidence that the trial court abused its discretion and gave a defendant a sentence contrary to law. Clear and convincing evidence is evidence that will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. Generally, a trial court does not abuse its discretion when it imposes a sentence that is authorized by statute." (Citations omitted.) *State v. Reid*, Clark App. No. 205–CA–30, 2006-Ohio-424, 2006 WL 242603, ¶ 13.

{¶ 23} A sentencing court "has discretion to determine the most effective way to achieve the purposes and principles of sentencing." R.C. 2929.22(A). The sentencing court must consider the following factors: "(a) [t]he nature and circumstances of the offense * * *; (b) [w]hether the circumstances regarding the offender and the offense * * * indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense; (c) [w]hether the circumstances regarding the offender and the offense * * * indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences; (d) [w]hether the victim's youth, age, disability, or other factors made the victim particularly vulnerable to the offense or made the impact of the offense more serious; (e) [w]hether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section." R.C. 2929.22(B). "Before imposing a jail term as a sentence for a misdemeanor, a court [must] consider the appropriateness of imposing a community control sanction or a combination of community control sanctions." R.C. 2929.22(C). The maximum jail term for a misdemeanor of the fourth degree is 30 days. R.C. 2929.24(A)(4).

{¶ 24} R.C. 2929.25(A)(1) authorizes the court to impose community control sanctions "in sentencing an offender for a misdemeanor," and paragraph (a) of that section permits the court to "[d]irectly impose a sentence that consists of one

or more community control sanctions." If the court subsequently finds that a defendant has violated one or more of the sanctions of his sentence, the court "may impose on the violator a more restrictive community control sanction or combination of community control sanctions, including a jail term." R.C. 2929.25(C)(2). Pursuant to R.C. 2929.25(A)(2), the maximum period of time that community control sanctions can be imposed for a misdemeanor offense is five years.

{¶ 25} R.C. 2929.25(A)(1)(a) authorizes the court to impose residential confinement, nonresidential confinement, and/or financial sanctions as well as "any other conditions of release under a community control sanction that the court considers appropriate." The court's discretion to impose appropriate sanctions is therefore broad, but not wholly unrestricted. Any sanction, rationally interpreted, must relate to the crime of which the defendant was convicted, and without being unduly restrictive, be reasonably related to the defendant's rehabilitation and serve the statutory purposes of his release in lieu of incarceration. *State v. Jones* (1990), 49 Ohio St.3d 51, 550 N.E.2d 469.

{¶ 26} As the state correctly notes, we have held that EHDP is not the equivalent to being incarcerated in lieu of bail for speedy-trial purposes. *State v. Brown* (July 7, 1992), Montgomery App. No. 13155, 1992 WL 157686. In fact, we stated there that we could not "envision any of the circumstances of Appellant's home arrest program as equivalent to being incarcerated." Id.

{¶ 27} In the instant case, Cowen was sentenced to three months under electronic home detention. Had Cowen been sentenced to a term at a halfway house instead of EHDP, the statute concerning placement in a residential facility/halfway house specifically provides that such confinement may not exceed the longest jail term available for the offense. R.C. 2929.26(A)(1) and (2). Thus, Cowen's term in a halfway house would have been limited to the remaining 27 days of his sentence for disorderly conduct. The section of the Revised Code pertaining to EHDP sanctions, however, contains no such limitation. R.C. 2929.27. Clearly, if the legislature intended for a sentence of EHDP to be the equivalent of a jail term, then it could have inserted the same limitation in R.C. 2929.27, but it did not. Thus, we find that the trial court did not abuse its discretion when it sentenced Cowen to three months of EHDP in lieu of incarceration.

{¶ 28} Cowen's second assignment of error is overruled.

### III

{¶ 29} Having sustained Cowen's first assignment of error, this matter is reversed and remanded for resentencing in accordance with this opinion.

GRADY, P.J., and VALEN, J., concur.

ANTHONY VALEN, J., retired, of the 12th Appellate District, sitting by assignment.