OPINION
{¶ 1} Defendant-Appellant, Rion T. MacConnell, appeals from his conviction and *Page 2 
sentence in the Court of Common Pleas of Greene County on one count of receiving stolen property and one count of possession of criminal tools.
 {¶ 2} The trial court record indicates that MacConnell and Angela Loxley attempted to make a transaction at a Wal-Mart in Greene County on November 17, 2005, using a stolen check. The check had been taken from the account of MacConnell's sister, Robin MacConnell. MacConnell used his state identification card in an effort to negotiate the stolen check. At the time of this offense, MacConnell was on bond in Montgomery County awaiting sentencing on different charges.
 {¶ 3} A grand jury indicted MacConnell on four counts: 1) forgery, under R.C. 2913.13(A); 2) receiving stolen property, under R.C. 2913.51(A); 3) possession of criminal tools, under R.C. 2923.24(A); and 4) identity fraud, under R.C. 2913.49(B) (C). MacConnell entered into a plea agreement with the State in which he agreed to plead no contest to count two, receiving stolen property, and count three, possession of criminal tools. In exchange, the State agreed to dismiss the forgery and identity fraud charges and recommend community control with placement into an inpatient drug treatment program.
 {¶ 4} MacConnell was released on bond pending his sentencing. While on bond, MacConnell refused to comply with the Greene County Probation Department's request for drug testing. At the sentencing hearing, the court stated that it had considered the presentence investigation report, the purposes and principles of sentencing, and the seriousness and recidivism factors per R.C. 2929.12. Specifically, the court found that it was not in MacConnell's best interest or the court's best interest to place MacConnell on community control, as he was on bond in Montgomery County *Page 3 
at the time of this offense and had proven to the probation department to be "an extremely difficult person to supervise." (Tr. of Disposition at 4.) Consequently, the court sentenced MacConnell to 12 months in prison for each offense. The terms were to run consecutively for a total of 24 months. This timely appeal followed.
 {¶ 5} On appeal, MacConnell raises two assignments of error. First, he contends that the trial court erred in sentencing him with the statutory maximum on each count and running the sentences consecutively. Second, MacConnell challenges the manifest weight of the State's evidence against him.
 {¶ 6} Following the Ohio Supreme Court's decision in State v.Foster, 109 Ohio St.3d. 1, 2006-Ohio-856, 845 N.E.2d 470, this court has established that the standard for reviewing criminal felony sentences is abuse of discretion. State v. Slone, Greene App. Nos. 2005 CA 79, 2006 CA 75, 2007-Ohio-130, at]}7. Therefore, "`[a]n appellate court will not disturb a sentence unless there exists clear and convincing evidence that the trial court abused its discretion and gave a defendant a sentence contrary to law. Clear and convincing evidence is evidence that will produce in the mind of the trier of fact a firm belief or conviction as to facts sought to be established. Generally, a trial court does not abuse its discretion when it imposes a sentence that is authorized by statute.'" State v. Cowen (2006), 167 Ohio App.3d 233,237, 2006-Ohio-3191, 854 N.E.2d 579 (citation omitted).
 {¶ 7} Upon review of the record, we find that the trial court did not abuse its discretion when it sentenced MacConnell to 12 months in prison for each offense to run consecutively. Furthermore, we find that MacConnell's plea of no contest precludes him from challenging the weight of the State's evidence used to convict him. Therefore, the *Page 4 
judgment of the trial court will be affirmed.
 I {¶ 8} Under his first assignment of error, MacConnell argues that the trial court erred in sentencing him to 12 months in prison for counts two and three, the statutory maximum for each offense, and in running the sentences consecutively. Specifically, MacConnell asserts that no findings could be made under R.C. 2929.13(B)(1) to overcome the "preference" toward community control for lower-level felonies, and that no factors under R.C. 2929.12 relating to the seriousness of the offense or recidivism of the defendant were present to warrant maximum and consecutive sentences. We disagree.
 {¶ 9} In pertinent part, R.C. 2929.13(B)(1) states that "[e]xcept as provided in division (B)(2), (E), (F) or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 10} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance."
 {¶ 11} The Ohio Supreme Court provided in Foster that the trial court has discretion to determine whether to impose prison or community control when sentencing offenders on fourth or fifth degree felonies if the appropriate findings under R.C. 2929.13(B)(1)(a) through (i) arenot made. (Emphasis added.) 109 Ohio St.3d. at]}69-70. However, "if the court makes one of the findings in R.C. 2929.13(B) (1 )(a) through (i) and also finds that a `prison term is consistent with the purposes and principles of *Page 5 
sentencing' and that `the offender is not amenable to an available community control sanction,' the court shall impose a prison term." Id. at ]}68, quoting R.C. 2929.13(B)(2)(a).
 {¶ 12} Here, although contrary to the argument in his brief, the trial court established without objection that MacConnell committed the offense in the present case while on bond in Montgomery County pending sentencing in another matter. The following exchange took place at the sentencing hearing:
 {¶ 13} "THE COURT: * * * Dan, did you indicate that at the time of this offense the Defendant was on bond?
 {¶ 14} "MR. ZWIESLER: Yes. The information we had showed that the Montgomery County case was, I believe, the week before, in the timeframe established.
 {¶ 15} "THE COURT: All right. I thought that was the case. I just didn't have the entry marked. In considering the (B)(1) factors of 2929.13(B)(1), the Court finds that these being fifth degree felonies, that one of the (B) (1 ) factors is present as previously stated for the record. As such, the Court finds the Defendant is not amenable to community control and that prison is consistent with the purposes and principles of sentencing." (Tr. of Disposition at 5.)
 {¶ 16} Moreover, the Pre-Sentence Investigation Report ("PSI") indicates that MacConnell was on bond in Montgomery County when he committed these offenses in Greene County.[1] Thus, we find that the record supports the trial court's conclusion that MacConnell was not amenable to a community control sanction after determining that *Page 6 
he committed the offense at issue while on bond in Montgomery County. We next must consider whether the trial court abused its discretion in finding that consecutive maximum prison terms were consistent with the purposes and principles of sentencing.
 {¶ 17} The court in Foster stated that the general guidance statute, R.C. 2929.12, gives a sentencing judge discretion "`to determine the most effective way to comply with the purposes and principles of sentencing.'" 109 Ohio St.3d. at ?37, quoting R.C. 2929.12(A). A sentencing court's determination is made by considering factors that indicate the seriousness of the defendant's conduct, in addition to factors suggesting whether the defendant is more or less likely to commit future crimes. Id. at]}38-41. The court noted, however, that R.C. 2929.12 does not mandate judicial fact-finding; instead, a sentencing judge is merely "to consider" the statutory factors. Id. at ]}42. See, also, State v. Crouse (1987), 39 Ohio App.3d 18, 20, 528 N.E.2d 1283
(presuming that a trial court has considered the relevant factors of R.C. 2929.12 in the absence of a showing to the contrary, where a defendant's sentence is within the statutory limits).
 {¶ 18} Here, MacConnell contends generally that the applicable factors of R.C. 2929.12 do not warrant consecutive maximum sentences for each offense. As this is his first felony conviction, MacConnell consequently argues that the court is obligated to impose the shortest term authorized for the offenses. In support of his argument, he cites to our decision in State v. Williamitis, Montgomery App. No. 20508,2004-Ohio-6234. There, we held that a sentencing court must impose the shortest prison term authorized for an offense when it is the defendant's first felony. Id. at ]}25. However, this requirement does not apply where the record indicates "that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the *Page 7 
public from future crime by the offender." Id. When a trial court imposes more than the statutory minimum sentence, our role as a reviewing court is to determine whether the record supports the trial court's findings. Id. (citation omitted).
 {¶ 19} The trial court in this case stated that it had considered the PSI, the purposes and principles of sentencing, and the seriousness and recidivism factors under R.C. 2929.12. (Tr. of Disposition at 4.) The PSI shows that MacConnell has a substantial record of criminal convictions, although traffic violations constitute the majority of them. More importantly, the report demonstrates MacConnell's noncompliance with the Adult Probation Department. On several occasions, MacConnell circumvented the probation department's requests for a drug test by explaining that he had a medical condition which prevented him from urinating, by leaving appointments without informing his probation officer, by cancelling meetings due to alleged doctor's appointments, and by arriving at appointments without his medications, as instructed, and then failing to report back. MacConnell also informed the probation department that he desired to be admitted to an in-patient drug rehabilitation program, and that he had made arrangements to do so. However, when the probation department spoke to the program's director, it was discovered that MacConnell had not shown up for his appointment and had not been screened for a bed.
 {¶ 20} Regarding the factors of R.C. 2929.12, the PSI indicates that MacConnell showed no genuine remorse for his actions, although he allegedly made restitution with his sister. Moreover, MacConnell's relationship with his sister was found to have facilitated the offense. Impliedly, the familial relationship put him in a position of trust, *Page 8 
or, at least, accessibility, that he violated in attempting to take money from his sister's account. Based on MacConnell's conduct, the factors of R.C. 2929.12, and the court's finding that MacConnell committed the present offenses while on probation in Montgomery County, the trial court concluded that consecutive prison terms of 12 months for each offense were appropriate.
 {¶ 21} Given the trial court's consideration of the PSI and the factors of R.C. 2929.12, we find no reason to conclude that the sentence was an abuse of discretion. Accordingly, MacConnell's first assignment of error is overruled.
 II {¶ 22} Under his second assignment of error, MacConnell challenges the manifest weight of the State's evidence against him.
 {¶ 23} In State v. Hurt, Montgomery App. No. 21009, 2006-Ohio-990, this court held that a defendant who pleads no contest to a charge may not later attack the sufficiency or weight of the evidence under which he was convicted. Id. at ]}35. Here, the fact that the prosecutor misstated the name of the victim during the plea hearing on February 6, 2006, does not afford MacConnell an opportunity to argue on appeal that the State failed to offer sufficient evidence leading to his convictions. Once MacConnell pled no contest to counts two and three, he was precluded from challenging the weight of the State's evidence used to support those convictions.
 {¶ 24} Thus, MacConnell's second assignment of error is overruled.
 {¶ 25} Having overruled both of MacConnell's assignments of error, the judgment of the trial court is affirmed. *Page 9 
WOLFF, P.J., and DONOVAN, J., concur.
[1] In October, 2005, MacConnell was charged with tampering with evidence and robbery in the Montgomery County Common Pleas Court, case no. 2005-CR-04177. *Page 1