OPINION
{¶ 1} Defendant-appellant Steven Maas appeals from his conviction and sentence on charges of failing to have a license required for retail food establishments; unfair or deceptive acts or practices; and false advertisement.
 {¶ 2} Maas contends that the trial court erred by imposing an unduly harsh *Page 2 
sentence, where the statutory factors would indicate a less severe punishment. Maas further contends that the trial court erred by permitting a state agent to give evidence at the sentencing hearing. Finally, Maas contends that the trial court erred by failing to allow Maas to exercise his right of allocution prior to sentencing.
 {¶ 3} We conclude that the trial court committed reversible error by failing to speak directly to Maas on the record and inquire whether Maas wished to exercise or waive the right of allocution prior to sentencing. Accordingly, the sentence is vacated and this matter is remanded for further proceedings. Furthermore, based on the disposition of this issue, the remaining assignments of error are moot.
 I {¶ 4} In November, 2005, Steven Maas was charged in Xenia Municipal Court Case No. 05-CRB-3244 with the following crimes: theft by deception; failing to have a license required for retail food establishments; tampering with a label; offering misbranded meats for sale; and committing unfair or deceptive acts or practices. These offenses ranged from a first degree misdemeanor to a minor misdemeanor. In November, 2005, Maas was also charged in Xenia Municipal Court Case No. 05-CRB-3245 with two other crimes: misrepresenting net weight in a product offered for sale; and disseminating false advertisement. These latter offenses were second degree and fourth degree misdemeanors, respectively.
 {¶ 5} The Ohio Department of Agriculture filed charges against Maas following an investigation of citizen complaints about an individual who was possibly selling tainted meat door-to-door. This individual had represented to consumers that he was a *Page 3 
"Market Day" representative and worked with local schools. Although the investigation ultimately determined that the meat was not tainted, the Department of Agriculture concluded that the individual (Maas) had sold meat without a license, had removed labels from the meat, and had misrepresented to consumers that he was working for the Market Day organization, when in fact, he was not either employed by or associated with Market Day.
 {¶ 6} In August, 2006, Maas pled no contest to three charges and the remaining charges were dismissed. The charges to which Maas pled were a third degree misdemeanor, with a maximum possible sentence of two months in jail and a $500 fine; a fourth degree misdemeanor, with a maximum possible sentence of thirty days in jail and a $250 fine; and a minor misdemeanor, with a maximum possible fine of $150.
 {¶ 7} The trial court imposed the maximum fine on each charge because the court wanted to reduce Maas's profit on the transactions. The trial court also imposed the maximum sentence for each charge, to be served consecutively. Maas filed a motion for reconsideration, which was denied by the court. Subsequently, on September 22, 2006, Maas filed a motion for leave to appeal, which was granted.
 II {¶ 8} For procedural reasons, we will address the Third Assignment of Error first. Maas's Third Assignment of Error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT PERMITTING THE DEFENDANT TO EXERCISE HIS RIGHT OF ALLOCUTION PRIOR TO SENTENCING." *Page 4 
 {¶ 10} Before addressing the merits of this assignment of error, we should note that the State failed to file a brief in this matter. The State also failed to respond to a show cause order that we filed on May 29, 2007. Under App. R. 18(C), if the appellee fails to file a brief, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." Although we are permitted to impose this sanction, we have no need to do so in the present case, since the transcript of the sentencing hearing clearly illustrates the trial court's error.
 {¶ 11} Under the third assignment of error, Maas contends that the trial court erred by failing to afford Maas his right of allocution. In this regard, Crim. R. 32(A) provides that:
 {¶ 12} "At the time of imposing sentence, the court shall do all of the following:
 {¶ 13} "(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."
 {¶ 14} We have previously held that:
 {¶ 15} "The trial court's failure to provide defendant with an opportunity to personally address the court and make a statement on his own behalf before sentence was imposed constitutes reversible error because Crim. R. 32(A)(1) imposes an affirmative duty upon the trial court to speak directly to a defendant on the record and inquire whether he or she wishes to exercise or waive the right of allocution."State v. Nelson, Montgomery App. No. 21633, 2007-Ohio-3459,875 N.E.2d 137, at ¶ 9, citing State v. Cowen, 167 Ohio App.3d 233, 854 N.E.2d 579,2006-Ohio-3191, and State v. *Page 5 Sexton (Feb. 4, 2005), Greene App. No. 04CA14, 2005-Ohio-449.
 {¶ 16} The transcript of the sentencing hearing indicates that the trial court failed to address Maas personally before imposing sentence to inquire whether Maas wished to exercise or waive his right of allocution. Furthermore, the trial court even expressed reluctance to allow Maas to speak after sentence had been imposed.
 {¶ 17} Because the trial court committed reversible error, the third assignment of error is sustained. The sentence will, therefore, be vacated, and this cause will be remanded for re-sentencing.
 III {¶ 18} Maas's First Assignment of Error is as follows:
 {¶ 19} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY IMPOSING AN UNDULY HARSH SENTENCE, WHERE THE R.C. 2929.22 FACTORS WOULD TEND TO INDICATE A LESS SEVERE PUNISHMENT."
 {¶ 20} Based on the disposition of the Third Assignment of Error, this assignment of error is overruled as moot.
 IV {¶ 21} Maas's Second Assignment of Error is as follows:
 {¶ 22} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT PERMITTED A STATE AGENT TO GIVE EVIDENCE AT THE SENTENCING HEARING."
 {¶ 23} Because the sentence is being vacated and this matter is being remanded *Page 6 
for further proceedings, the Second Assignment of Error is also moot. For the trial court's guidance, we note that the rules of evidence do not strictly apply to sentencing hearings,
 {¶ 24} and a trial court "may rely on reliable hearsay in its sentencing decision." State v. Hyland, Butler App. No. CA 2005-05-103,2006-Ohio-339, at Tf 18. In Hyland, the defendant challenged the fact that an investigating police detective had been permitted to testify at the sentencing hearing about his investigation and the impact of the crime on the victim. The Twelfth District found no error, since the trial court is permitted to rely on reliable hearsay in sentencing. Id. In addition, the Twelfth District relied on the fact R.C. 2929.19(A)(1) "provided that at the sentencing hearing, `any other person may present information relevant to the imposition of sentence in the case.'" Id.
 {¶ 25} R.C. 2929.19(A)(1) applies to felony sentencing, while the applicable statute in the present case is R.C. 2929.22, which governs misdemeanor sentencing. Notably, R.C. 2929.22(D)(1) states that:
 {¶ 26} "A sentencing court shall consider any relevant oral or written statement made by the victim, the defendant, the defense attorney, or the prosecuting authority regarding sentencing for a misdemeanor. This division does not create any rights to notice other than those rights authorized by Chapter 2930. of the Revised Code."
 {¶ 27} Unlike R.C. 2929.19(A)(1), R.C. 2929.22(D)(1) does not provide for presentation of information at the sentencing hearing by "any other person" besides the victim, the defendant, the defense attorney, or the prosecuting attorney. Therefore, on remand, the trial court should take this point into consideration. *Page 7 
 {¶ 28} In light of the preceding discussion, the Second Assignment of Error is overruled as moot.
 V {¶ 29} Maas's Third Assignment of Error having been sustained and his First and Second Assignments of Error having been overruled as moot, the sentence of the trial court is Vacated and this matter is Remanded for further proceedings.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)
 GRADY and DONOVAN, JJ., concur. *Page 1