OPINION
{¶ 1} Richard D. Lober pled guilty in the Montgomery County Court of Common Pleas to possession of crack cocaine, a fifth degree felony. The trial court sentenced him to nine months in prison, to be served consecutively to a nine-month sentence imposed in Montgomery Case No. 2005-CR-358. The court also suspended Lober's commercial driver's license *Page 2 
("CDL") for four years. The court disapproved of Lober's placement in shock incarceration or the intensive program prison. Lober appeals from his sentence. For the following reasons, the trial court's judgment will be affirmed.
 {¶ 2} On appeal, Lober raises three assignments of error, which we will address together.
 {¶ 3} In his first assignment of error, Lober claims that his trial counsel rendered ineffective assistance by failing to argue for a commercial driver's license suspension that was less than or equal to his prison term and by failing to assert that a longer suspension would be disproportionate to the offense. Lober notes that he was walking home — not near a vehicle when he committed the offense.
 {¶ 4} In his second and third assignments of error, Lober claims that the trial court erred in denying him an opportunity for drug treatment during his incarceration, in imposing more than a minimum concurrent sentence, and in imposing a CDL suspension of four years. Lober's third assignment of error specifically states that the court relied upon unconstitutional statutes, contrary to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. He contends that his case must be remanded for resentencing.
 {¶ 5} In 2006, the Supreme Court of Ohio held that parts of Ohio's felony sentencing scheme were unconstitutional because they "require[d] judicial finding of facts not proven to a jury beyond a reasonable doubt or admitted by the defendant." Foster at ¶ 83. The supreme court severed the provisions that it found to be unconstitutional, leaving trial courts with full discretion to impose a prison sentence within the statutory range without making findings or giving reasons for imposing maximum, non-minimum, or consecutive sentences. Id.; State v. *Page 3 Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37.
 {¶ 6} After Foster, the appellate court's standard of review when examining felony sentences is an abuse of discretion. State v.Slone, Greene App. No. 2005CA79, 2007-Ohio-130. That standard connotes more than a mere error of law or judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court.State v. Adams (1980), 62 Ohio St.2d 151. Ordinarily, a trial court does not abuse its discretion when it imposes a sentence within the permissible range authorized by R.C. 2929.14(A). State v. Cowan, 167 Ohio App.3d 233, 2006-Ohio-3191, at ¶ 22.
 {¶ 7} Lober was sentenced in December 2005. Based on his conviction, Lober could have received a maximum prison sentence of twelve months, R.C. 2929.14(A), and a CDL maximum suspension of five years, R.C. 2925.11(E)(2).
 {¶ 8} In sentencing Lober, the trial court relied upon the presentence investigation report, which indicated that the offenses in this case and in 2005-CR-358 were Lober's thirteenth and fourteenth felonies, that Lober had previously served a prison term, and that he had "several failed opportunities of supervision treatment." The court indicated that consecutive sentences were necessary to protect the public.
 {¶ 9} Based on the record, we find no abuse of discretion in the trial court's imposition of a nine-month prison term, to be served consecutively with another nine-month sentence, and in the court's disapproval of shock incarceration or an intensive program prison. Regardless, the state asserts — and Lober has not disputed — that Lober completed his incarceration on April 16, 2007. Because Lober has served his term of imprisonment, his assignments of error related to his imprisonment are moot. *Page 4 
 {¶ 10} Lober's primary contention appears to be that the trial court imposed a CDL suspension longer than his term of imprisonment. Because Lober was convicted of a drug possession offense, R.C. 2925.11(E)(2) required the trial court to impose a driver's license suspension between six months and five years in length. Although Lober's prison term could not exceed twelve months, the trial court was authorized to impose a four-year CDL suspension. We find no abuse of discretion nor a violation of Lober's constitutional rights due to the imposition of the four-year suspension. Although Lober's counsel did not argue for a CDL suspension of eighteen months or less at the sentencing hearing, we find no basis to conclude that the trial court would have imposed a lesser period of suspension had Lober's counsel presented such an argument.
 {¶ 11} The assignments of error are overruled.
 {¶ 12} The judgment of the trial court will be affirmed.
 BROGAN, J. and DONOVAN, J., concur. *Page 1