OPINION
{¶ 1} Defendant, Benjamin Pardue, appeals from his conviction and sentence for unlawful sexual conduct with a minor.
 {¶ 2} Defendant was indicted on eight counts of unlawful sexual conduct with a minor, R.C. 2907.04(A), all felonies of *Page 2 
the third degree, R.C. 2907.04(B)(3), as a result of engaging in sexual conduct with a thirteen year old girl. Defendant entered pleas of guilty to all of the charges. The trial court sentenced Defendant to the maximum allowable sentence, five years, on each count, and ordered that counts one, two, and three be served consecutively to each other but concurrently with counts four through eight, for a total sentence of fifteen years. The trial court also classified Defendant as a sexual predator.
 {¶ 3} Defendant appealed to this court from his conviction and sentence.
ASSIGNMENT OF ERROR
 {¶ 4} "THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING A MAXIMUM AND CONSECUTIVE SENTENCE."
 {¶ 5} Defendant argues that the trial court abused its discretion in sentencing him to maximum and consecutive sentences totaling fifteen years for eight counts of unlawful sexual conduct with a minor because such a sentence is too harsh and not supported by the facts.
 {¶ 6} Defendant was convicted upon his pleas of guilty of eight separate counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), which are felonies of the third degree carrying a possible penalty of one, two, three, *Page 3 
four or five years in prison. R.C. 2907.04(B)(3); R.C. 2929.14(A)(3). The trial court sentenced Defendant to five years on each count, and ordered counts one, two, and three to be served consecutively to each other but concurrent with counts four through eight, for a total sentence of fifteen years. Thus, the trial court's sentence was within the permissible range authorized by law.
 {¶ 7} In imposing its sentence the trial court considered the principles and purposes of felony sentencing, R.C. 2929.11, the presentence investigation report, the mental evaluation prepared by the Forensic Psychiatry Center for Western Ohio, the remarks of both parties at sentencing, the seriousness and recidivism factors, R.C. 2929.12, and the record in this case. The facts indicate that Defendant, who is forty-seven years old, often served as a handyman at the home rented by the thirteen year old victim's mother, who, because of cancer, was wheelchair-bound, bedridden, and literally dying at the time these offenses occurred. The victim's father was absent from the home. After befriending this young, vulnerable girl, Defendant began sexually assaulting her, digitally penetrating her vagina by his own admission eight separate times over a seven month period.
 {¶ 8} The trial court concluded that the factors making *Page 4 
this offense more serious outweigh those making it less serious, and that the factors making recidivism more likely outweigh those making it less likely. The court observed that Defendant did not suffer from any mental disease or defect that would impair his ability to exercise good judgment, and that Defendant's decision to abuse this young girl for his own gratification was made without any concern for the consequences or impact on the victim. The court noted that Defendant has an extensive criminal record, which includes four previous prison terms and a prior conviction for a sex offense involving a minor child.
 {¶ 9} After State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the appellate court's standard of review when examining felony sentences is an abuse of discretion. State v. Slone, Greene App. No. 2005CA79,2007-Ohio-130. That standard connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v.Adams (1980), 62 Ohio St.2d 151. Ordinarily, a trial court does not abuse its discretion when it imposes a sentence within the permissible range authorized by R.C. 2929.14(A). State v. Cowan,167 Ohio App.3d 233, 2006-Ohio-3191, at _22.
 {¶ 10} Per Foster, the trial court had full discretion to *Page 5 
impose any sentence within the statutory authorized range of punishments for felonies of the third degree, and the court was not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences. State v. Bates, 118 Ohio St.3d 174,2008-Ohio-1983. The trial court's maximum and consecutive sentences in this case are neither contrary to law nor an abuse of discretion.
 {¶ 11} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.
 BROGAN, J. and DONOVAN, J., concur. *Page 1