OPINION
{¶ 1} Defendant, Robert Moore, appeals from his conviction and sentence on four counts of rape, which was entered on his no contest pleas after the trial court had overruled Moore's motion to suppress evidence.
 {¶ 2} As a result of repeatedly performing oral sex on an *Page 2 
eleven year old boy at his apartment in Fairborn during the summer of 2002, Defendant was indicted on five counts of rape of a child under thirteen, in violation of R.C. 2907.02(A)(1)(b). Defendant was also charged with one count of unlawful sexual conduct with a minor, R.C. 2907.04(A), stemming from a subsequent encounter with this same victim after he had turned fourteen. Defendant filed a motion to suppress his statements to police. The trial court overruled the motion following a hearing.
 {¶ 3} Defendant entered pleas of no contest to four counts of rape pursuant to a negotiated plea agreement, and was found guilty by the trial court. In exchange, the State dismissed the other rape count and the unlawful sexual conduct with a minor charge. The trial court sentenced Defendant to the maximum allowable ten year prison term on each count of rape, and ordered that counts three, four and five be served consecutively, for a total sentence of thirty years. The court also found Defendant to be both a sexual predator and an aggravated sexually oriented offender, and classified him as a Tier III sex offender, imposing registration and reporting requirements for life.
 {¶ 4} Defendant timely appealed to this court from his conviction and sentence. *Page 3 
 FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT FOUND THAT APPELLANT'S ORAL AND WRITTEN STATEMENTS WERE MADE VOLUNTARILY."
 {¶ 6} In a motion to suppress, the trial court assumes the role of the trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate the credibility of the witnesses.State v. Clay (1972), 34 Ohio St.2d 250. Accordingly, in our review we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. State v. Retherford (1994),93 Ohio App.3d 586.
 {¶ 7} In overruling Defendant's motion to suppress, the trial court made the following findings of fact:
 {¶ 8} "On or about January 4, 2007, Detective Cyr of the Fairborn Police Department contacted the Defendant in this case, Robert Moore, and requested he come into the Fairborn Police Department for the purpose of an interview. He was advised that he would not be under arrest and that the interview would be noncustodial. He was also advised that he *Page 4 
would be free to leave at anytime during the interview. Robert Moore on January 4, 2007 did appear at the Fairborn Police Department and met with Detective Cyr for the requested interview. Detective Cyr again advised the Defendant that he could leave at anytime and that he was free to go. He also was advised that he was not under arrest and at no time during the course of the interview was the Defendant advised of what are commonly known as his Miranda rights. At the conclusion of the interview the Defendant was not arrested but did leave the police department.
 {¶ 9} "The Court further was advised that the Defendant was not substantially deprived of any needs during this interview which did not take a substantial period of time to complete."
 {¶ 10} Defendant concedes in his appellate brief that because he was not in custody at the time Detective Cyr interviewed him at the Fairborn police department, the warnings required by Miranda v. Arizona (1966),384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and the bright line rule ofEdwards v. Arizona (1981), 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378, which protects an accused's right to have counsel present during custodial interrogation, do not apply in this case. Defendant further concedes that because he had not been *Page 5 
charged with any criminal offense at the time of his interview with Detective Cyr, and adversary judicial proceedings had not yet been initiated against him, his Sixth Amendment right to counsel had not yet attached and did not apply in this case. Kirby v. Illinois (1972),406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411; State v. Sinkfield (Sept. 1, 1993), Montgomery App. No. 13180.
 {¶ 11} Defendant's sole argument in this assignment of error is that the totality of the circumstances surrounding the giving of his statements to police, including the fact that Defendant repeatedly expressed his desire to have the assistance of counsel, reveals that his statements were not voluntary. However, because Defendant was not in custody and had not been charged with any offense at the time police questioned him on January 4, 2007, neither Miranda, Edwards, nor Defendant's Sixth Amendment right to counsel has any application to this case. Sinkfield.
 {¶ 12} The Due Process Clause requires an inquiry separate from custody considerations and compliance with Miranda regarding whether a suspect's will was overborne by the circumstances surrounding the giving of a confession. Dickerson v. United States (2000), 530 U.S. 428,120 S.Ct. 2326, 147 L.Ed.2d 405. Voluntariness of a confession and *Page 6 
compliance with Miranda are analytically separate inquiries. State v.Pettijean (2000), 140 Ohio App.3d 517. Even if Miranda warnings are not required, a confession may be involuntary if the defendant's will was overborne by the totality of the facts and circumstances surrounding the giving of his confession. Dickerson; Pettijean.
 {¶ 13} The due process test takes into consideration both the characteristics of the accused and the details surrounding the interrogation. Id. Factors to be considered include the age, mentality, and prior criminal experience of the accused; the length, intensity and frequency of the interrogation, the existence of physical deprivation or mistreatment, and the existence of threats or inducements. State v.Edwards (1976), 49 Ohio St. 2d 31. A defendant's statement to police is voluntary absent evidence that his will was overborne and his capacity for self-determination was critically impaired due to coercive police conduct. Colorado v. Spring (1987), 479 U.S. 564, 107 S.Ct. 851,93 L.Ed.2d 954; State v. Otte, 74 Ohio St.3d 555, 1996-Ohio-108.
 {¶ 14} Defendant voluntarily appeared at the Fairborn police department for his interview with Detective Cyr. Defendant was repeatedly advised by Detective Cyr that it was a voluntary interview, that he did not have to talk to Cyr, *Page 7 
that he was not under arrest, and that he was free to leave at anytime. Following the interview, which lasted one to two hours, Defendant left the police station.
 {¶ 15} Defendant was thirty-four years of age and had completed the eleventh grade. He appeared to understand what was going on, did not have any trouble staying awake despite having only five hours of sleep the night before, and appropriately answered questions asked of him. There is no basis to find that Defendant's physical or mental conditions impaired his understanding of what he was told, or that he was misled to confess. Petitjean. Moreover, this case was not Defendant's first experience with law enforcement, as he had a previous conviction for gross sexual imposition involving another minor child. Under the totality of these facts and circumstances, the evidence supports the trial court's conclusion that Defendant's statements to Detective Cyr were voluntary and therefore not subject to suppression. State v.Silverman, 176 Ohio App.3d 12, 2008-Ohio-618.
 {¶ 16} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 17} "THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING A CUMULATIVE THIRTY YEAR PRISON SENTENCE."
 {¶ 18} Defendant argues that the trial court abused its *Page 8 
discretion in imposing maximum and consecutive prison terms totaling thirty years.
 {¶ 19} Defendant pled no contest and was found guilty of four counts of rape of a child under thirteen, felonies of the first degree which carry a prison term of three, four, five, six, seven, eight, nine or ten years. R.C. 2907.02(B); 2929.14(A)(1). The trial court sentenced Defendant to the maximum allowable prison term of ten years on each count, and ordered three of the counts to be served consecutively, for a total sentence of thirty years. Although the prison terms imposed by the court were the maximum allowable, they were nevertheless within the statutory authorized range of punishments for felonies of the first degree. In that circumstance, it is presumed that the court considered the relevant sentencing factors absent an affirmative showing to the contrary. State v. Crouse (1987), 39 Ohio App. 3d 18.
 {¶ 20} In imposing its sentence the trial court indicated that it had considered the purposes and principles of felony sentencing, R.C. 2929.11, the presentence investigation report, the psychiatric evaluation of Defendant, and had balanced the seriousness and recidivism factors in R.C. 2929.12. The trial court noted that Defendant had a previous conviction for gross sexual imposition involving another minor *Page 9 
child, and that the psychiatric report in this case indicates a chronic pattern of predatory grooming of victims for sexual abuse and a high risk of reoffending. The victim in this case was a mentally challenged boy who Defendant befriended at age nine. Defendant began by showing pornographic material to his young victim. That was followed by repeated sexual abuse that occurred over a period of years. The trial court did take into consideration Defendant's expression of remorse for his conduct, and the fact that his no contest pleas avoided the young victim's having to testify in open court.
 {¶ 21} After State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the appellate court's standard of review when examining felony sentences is an abuse of discretion. State v. Slone, Greene App. No. 2005CA79,2007-Ohio-130. That standard connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v.Adams (1980), 62 Ohio St.2d 151. Ordinarily, a trial court does not abuse its discretion when it imposes a sentence within the permissible range authorized by R.C. 2929.14(A). State v. Cowan,167 Ohio App.3d 233, 2006-Ohio-3191, at ¶ 22.
 {¶ 22} Per Foster, the trial court had full discretion to impose any sentence within the statutory authorized range of *Page 10 
punishments for felonies of the first degree, and the court was not required to make any findings or give its reasons for imposing maximum, consecutive, or more than minimum sentences. Id. at ¶ 7 of the syllabus. The trial court's maximum and consecutive sentences in this case are neither contrary to law nor an abuse of discretion.
 {¶ 23} Defendant's second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 24} "THE TRIAL COURT ERRED BY FINDING THAT APPELLANT WAS A SEXUAL PREDATOR/AGGRAVATED SEXUALLY ORIENTED OFFENDER AND A TIER III SEX OFFENDER IN VIOLATION OF SECTION 28, ARTICLE II OF THE OHIO CONSTITUTION."
FOURTH ASSIGNMENT OF ERROR
 {¶ 25} "THE TRIAL COURT ERRED BY FINDING THT APPELLANT WAS A SEXUAL PREDATOR/AGGRAVATED SEXUALLY ORIENTED OFFENDER AND A TIER III SEX OFFENDER IN VIOLATION OF THE EX POST FACTO CLAUSE, ARTICLE I, SECTION 10
OF THE UNITED STATES CONSTITUTION."
 {¶ 26} In 2007, in Senate Bill 10, the Ohio General Assembly revised various provisions in Chapter 2950 of the Revised Code dealing with sexual offender classification, notification, and registration and verification requirements. The new classification scheme and requirements became *Page 11 
effective January 1, 2008. In these related assignments of error, Defendant challenges the application of these new requirements to his criminal conduct, which predates the effective date of the new provisions, including the trial court's classification of him as a Tier III sex offender. Defendant argues that application of the new classification scheme to him violates provisions in the United States and Ohio Constitutions prohibiting retroactive and ex post facto laws.
 {¶ 27} Defendant acknowledges in his brief that his arguments have previously been considered and rejected by the Ohio Supreme Court inState v. Cook, 83 Ohio St.3d 404, 1998-Ohio-291, but Defendant raises them in this appeal so that he cannot be deemed to have waived his right to challenge the constitutionality of the new sex offender classification scheme enacted in Senate Bill 10.
 {¶ 28} Defendant failed to raise in the trial court below any constitutional challenge to the sexual offender classification scheme. Therefore, Defendant has waived all but plain error. State v. Awan
(1986), 22 Ohio St.3d 120; State v. Desbiens, Montgomery App. No. 22489,2008-Ohio-3375. More importantly, the Ohio Supreme Court in State v.Cook, supra, held that the provisions in Chapter 2950 of the *Page 12 
Revised Code dealing with sexual offender classification and registration/verification procedures are civil, not criminal, and remedial, not punitive or substantive in purpose and effect. Accordingly, application of those requirements to conduct that occurred prior to the effective date of the statute does not violate the retroactivity or ex post facto clauses of the Ohio Constitution. See also: State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202. This court recently reached the same conclusion with respect to the new sexual offender classification scheme enacted in Senate Bill 10, effective January 1, 2008. See: State v. King, Miami App. No. 08CA02,2008-Ohio-2594; State v. Desbiens, supra.
 {¶ 29} Defendant's third and fourth assignments of error are overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. concurs.
Copies mailed to:
Elizabeth A. Ellis, Esq.
David R. Miles, Esq.
Hon. Stephen A. Wolaver