[Cite as *State v. Faircloth*, 2021-Ohio-1514.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28715 |
| | : | |
| v. | : | Trial Court Case No. 2019-CRB-5191 |
| | : | |
| BENJAMIN C. FAIRCLOTH, JR. | : | (Criminal Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of April, 2021.

. . . . . . . . . . .

STEPHANIE L. COOK, Atty. Reg. No. 0067101, Assistant Prosecuting Attorney, City of Dayton Prosecutor's Office, 335 West Third Street, Room 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

J. DAVID TURNER, Atty. Reg. No. 0017456, 101 Southmoor Circle NW, Dayton, Ohio 45429
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Benjamin C. Faircloth, Jr., appeals from his convictions for the following offenses: one count of aggravated menacing, in violation of R.C. 2903.21(A), a misdemeanor of the first degree; one count of menacing, in violation of R.C. 2903.22, a misdemeanor of the fourth degree; and one count of disorderly conduct, in violation of R.C. 2917.11(A)(1), also a misdemeanor of the fourth degree. Faircloth filed a timely notice of appeal on February 13, 2020.

{¶ 2} The incident which formed the basis for Faircloth's convictions occurred on September 24, 2019, when Faircloth was acting as a scorekeeper at a volleyball game for Meadowdale High School, which was played at the Ponitz Career Technology Center in Dayton, Ohio. At some point, Janae Wicker, an athletic trainer who was also working at the game, overheard Faircloth making inappropriate comments to two volunteer Ponitz students who were also sitting at the scorer's table. Specifically, Faircloth accused the students of cheating and began verbally abusing them.

{¶ 3} Upon being approached by Wicker at the end of the game regarding his abusive conduct, Faircloth put his hand in Wicker's face and told her, "you better watch who the f*** you are talking to." Tr. 14. Faircloth continued to scream and curse at Wicker, culminating in a threat to have his cousin "dust [her] a**." Tr. 16. Wicker testified that, based upon Faircloth's threatening words and demeanor, she believed that he was going to have her killed.

{¶ 4} On October 11, 2019, Faircloth was charged with one count of aggravated menacing, one count of menacing, and one count of disorderly conduct. At his arraignment on October 21, 2019, Faircloth pled not guilty to the charged offenses. A trial was held on January 14, 2020, and Faircloth was found guilty of all three charges.

The trial court sentenced Faircloth to 180 days in jail for aggravated menacing, 30 days in jail for menacing, and 30 days in jail for disorderly conduct, with the entirety of the sentences being suspended. Faircloth was also placed on two years of basic supervised probation. Additionally, the trial court ordered Faircloth to complete an anger management program and to have no contact with the complaining witness. Furthermore, Faircloth was prohibited from attending any Dayton Public School athletic events for two years. Lastly, Faircloth was fined $50 and ordered to pay court costs.

{¶ 5} It is from this judgment that Faircloth now appeals.

{¶ 6} Faircloth's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN DENYING APPELLANT HIS ABSOLUTE

RIGHT OF ALLOCUTION AT HIS SENTENCING HEARING.

{¶ 7} Faircloth contends that, pursuant to R.C. 2929.22(D)(1) and Crim.R. 32, the trial court erred when it failed to provide him with the opportunity to personally address the court during sentencing.

{¶ 8} R.C. 2929.22(D)(1) states in pertinent part:

A sentencing court shall consider any relevant oral or written statement made by the victim, the defendant, the defense attorney, or the prosecuting authority regarding sentencing for a misdemeanor. * * *

{¶ 9} Crim.R. 32(A)(1) states:

(A) At the time of imposing sentence, the court shall do all of the following:

(1) Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in

mitigation of punishment.

{¶ 10} The record establishes that, prior to sentencing, the trial court inquired of both defense counsel and the State regarding any input that they may have had regarding imposition of sentence. Both defense counsel and the State thereafter made statements to the trial court. Faircloth, however, was not afforded an opportunity to address the trial court before it imposed sentence. After the trial court sentenced Faircloth, the following exchange occurred:

FAIRCLOTH: Do I get to say something on my sentencing?

TRIAL COURT: You don't want to because I almost ran you up for a hundred and eighty days today. Ok? You were so close to going to jail for a hundred and eighty days. You know I'm in my thirty third year of doing this and you are so close to going there. You don't want to say anything other than talk to my bailiff and get over to the probation department.

{¶ 11} In *State v. Sexton*, 2d Dist. Greene App. No. 04-CA-14, 2005-Ohio-449, ¶ 31, we stated that, "[w]hile the defendant may waive the right of allocution, Crim.R. 32(A)(1) imposes an affirmative duty on the court to speak directly to the defendant on the record and inquire whether he or she wishes to exercise that right or waive it." *See also State v. Campbell*, 90 Ohio St.3d 320, 326, 738 N.E.2d 1178 (2000). The State argues that since Faircloth's counsel was allowed to speak on his behalf prior to sentencing and because he received a minimal sentence, it was merely harmless error for the trial court to have not provided Faircloth with the opportunity to speak on his own behalf. *State of Ohio/City of Toledo v. Reese*, 2018-Ohio-2981, 112 N.E.3d 514, ¶ 42 (6th Dist.) However, at no point during the hearing did the trial court make the inquiries

required by Crim.R. 32(A)(1). In fact, when Faircloth asked if he could make a statement with respect to the sentence *already* imposed, the trial court told him not to speak, thereby actively depriving him of his right to allocution as mandated by R.C. 2929.22(D)(1) and Crim.R. 32(A)(1).

{¶ 12} "Crim.R. 32(A)(1) clearly specifies that the court must extend an opportunity to the attorney and the defendant to make a statement." *Sexton* at ¶ 33. The onus is therefore on the trial court to inquire of the defendant or his counsel as to whether they have anything to say which may affect the outcome of the sentencing. "[T]he interest that is protected by the right to allocution is the opportunity for the defendant to address the court directly on his own behalf *after* all the information on which the sentencing court relies when pronouncing sentence has been presented." (Emphasis sic.) *State v. Brown*, 166 Ohio App.3d 252, 2006-Ohio-1796, 850 N.E.2d 116, ¶ 13 (11th Dist.). Here, the trial court's failure to provide Faircloth with the opportunity to address the trial court was reversible error. *See State v. Cowen*, 167 Ohio App.3d 233, 2006-Ohio-3191, 854 N.E.2d 579, ¶ 16 (2d Dist). Thus, we are required to reverse the trial court's judgment and remand the case to the trial court for resentencing.

{¶ 13} Faircloth's assignment of error is sustained.

{¶ 14} Faircloth's assignment of error having been sustained, this matter is reversed and remanded for resentencing in accordance with this opinion.

. . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Stephanie L. Cook
J. David Turner
Hon. Daniel G. Gehres