DECISION
{¶ 1} Defendant-appellant, Terrell Chandler ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas entered upon a jury verdict finding appellant guilty of one count of aggravated robbery, without specification, a first degree felony in violation of R.C. 2911.01, one count of robbery, without specification, a second degree felony in violation of R.C. 2911.02, one count of robbery, without specification, a third degree felony in violation of R.C. 2911.02, and one count of theft, a fourth degree felony in violation of R.C. 2913.02.
 {¶ 2} Appellant's convictions arose out of an incident that occurred on May 13, 2004. According to Renee Green Thomas ("Renee"), on the morning of May 13, 2004, she returned home from a morning jog to find her friend Eva Hairston ("Hairston") and Hairston's brother, appellant, waiting for her. Both Hairston and appellant were longtime friends of Renee. Soon after Renee returned home, her fiancé, Kelly Thomas ("Kelly") left to go to a dentist appointment. Renee indicated that she needed to go into the house to get ready to go so that she could meet Kelly at the dentist. Hairston asked Renee if she could use Renee's telephone to call for a ride. Renee went into the house to get the phone, and Hairston and appellant followed her into the house. Once inside, Renee testified that she heard the front door being locked by Hairston, and when she turned around, she saw appellant pointing a gun at her.
 {¶ 3} When Renee inquired as to what was going on, appellant responded that they wanted money. Renee stated that she did not have any money, to which appellant instructed Renee to call Kelly to get some. At this time, Hairston went into the basement where Renee's bedroom was located. Renee followed her downstairs, and went to turn off the water in the bathroom. Hairston came out of Renee's bedroom with the gun that Renee kept under her mattress. Renee attempted to gain control of the gun, and a struggle ensued. Hairston yelled for appellant to help her, and appellant became part of the struggle. Renee testified that appellant bit her, which caused her to let go of the gun. Hairston recovered the gun and both she and appellant pointed the guns at Renee. Renee faked being sick, and secretly grabbed her cell phone as she ran into the bathroom. Renee attempted to call 911, but appellant saw the phone and took it away from her. After Hairston and appellant led Renee upstairs, Hairston went outside to get Kelly's van while appellant stayed with Renee. According to Renee, there was a discussion about taking Renee, and Kelly having to pay to get her back. When Hairston pulled the van up near the front door, appellant led Renee outside. As she was being led out, Renee ran from the scene, and saw a neighbor that let her use the phone so that she could call the police. The police arrived at the scene where Renee made both a written and oral statement. Kelly's van was recovered the next day at a bank near Renee's home.
 {¶ 4} On May 27, 2004, Hairston and appellant were indicted by a Franklin County Grand Jury in a six-count indictment. Hairston and appellant were tried together in a jury trial that commenced on January 25, 2005. The trial court granted a Crim.R. 29 motion as to one count of theft with a firearm specification as it related to the theft of the vehicle. As to appellant, the jury returned a verdict of not guilty on the kidnapping charge, and a verdict of guilty as to the remaining counts, without firearm specifications. A sentencing hearing was held on March 31, 2005, and appellant was sentenced to three years on the aggravated robbery, three years on each robbery, and twelve months on the theft, all to run concurrently.
 {¶ 5} Appellant timely filed an appeal, alleging the following assignment of error:
THE TRIAL COURT ERRED WHEN IT ENTERED JUDGMENT AGAINST THE APPELLANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 6} The Supreme Court of Ohio described the role of an appellate court presented with a sufficiency of the evidence argument in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus:
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, followed.)
 {¶ 7} Whether the evidence is legally sufficient is a question of law, not fact. State v. Thompkins (1997),78 Ohio St.3d 380, 386. In determining the sufficiency of the evidence, an appellate court must give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781. Consequently, the weight of the evidence and the credibility of the witnesses are issues primarily determined by the trier of fact. State v. Yarbrough,95 Ohio St.3d 227, 2002-Ohio-2126, at ¶ 79; State v. Thomas
(1982), 70 Ohio St.2d 79, 80. Thus, a jury verdict will not be disturbed unless, after viewing the evidence in a light most favorable to the prosecution, it is apparent that reasonable minds could not reach the conclusion reached by the trier of fact. State v. Treesh (2001), 90 Ohio St.3d 460, 484; Jenks,
supra.
 {¶ 8} A manifest weight argument is evaluated under a different standard. "The weight of the evidence concerns the inclination of the greater amount of credible evidence offered in a trial to support one side of the issue rather than the other."State v. Brindley, Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 35, citation omitted. In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must disagree with the fact finder's resolution of the conflicting testimony. Thompkins, supra, at 387. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id., quotingState v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 9} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The determination of weight and credibility of the evidence is for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230. The rationale is that the trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible.State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. The trier of fact is free to believe or disbelieve all or any of the testimony. State v. Jackson (Mar. 19, 2002), Franklin App. No. 01AP-973; State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 22; State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 17.
 {¶ 10} In the instant case, appellant submits that the evidence to convict him of aggravated robbery, robbery, and theft was insufficient and against the manifest weight of the evidence. The bulk of the evidence in this case consists of the testimony of the victim, Renee, and Hairston, appellant's sister and co-defendant. The testimony given by these two witnesses about the events that transpired on May 13, 2004 is different in some respects. Hairston testified that she and appellant were at Renee's house that day, and that Hairston became angry because she thought that Renee and Kelly had lied to her about the availability of an apartment to rent. According to Hairston, she told Renee that she should put a "foot up your butt," to which Renee responded that "[she'd] have Kelly put a hit on you." Thereafter, according to Hairston, Renee went down to the basement to shut off the bath water, and Hairston followed her down the stairs. Hairston testified that she went to Renee's bedroom to get Renee's gun for protection, and that she and Renee did scuffle when Renee tired to get the gun back. After Renee was unable to do so, Renee ran into the bathroom, and then ran up the stairs and out the door. At this point Hairston and appellant decided that they should leave and took the keys to Kelly's van and drove away. According to Hairston, appellant did not possess a weapon during this incident and the only weapon involved was the one that Hairston took from Renee's bedroom.
 {¶ 11} Because there is conflicting testimony and because the jury found appellant guilty of the robberies without the firearm specifications, appellant contends that it is clear that the jury did not find Renee's testimony to be fully credible, and that the jury must have believed Hairston's testimony that she was the only one to possess a gun, and that appellant was not in possession of a firearm at any point during the incident.
 {¶ 12} We find that the testimony and the evidence, when viewed in a light most favorable to the prosecution, as we are required to do, could convince the average mind of appellant's guilt beyond a reasonable doubt. Although appellant attacks most of the witnesses' credibility, an appellate court does not weigh credibility when considering an insufficiency of the evidence argument. State v. Coit, Franklin App. No. 02AP-475, 2002-Ohio-7356, citing Ruta v. Breckenridge-Remy Co. (1982),69 Ohio St.2d 66, 68-69. Additionally, even if the jury did not believe that appellant had a gun that day, such does not equate that the jury then had to believe that appellant was not a part of the robbery, or that appellant did not assist Hairston in the robbery. Based on the evidence and the testimony of the witnesses viewed in a light favorable to the state, a rational trier of fact could have found beyond a reasonable doubt that appellant was indeed guilty of the offenses for which he was convicted.
 {¶ 13} Similarly, we cannot say that the jury's verdict was against the manifest weight of the evidence. The basis for appellant's manifest weight argument is the witnesses' conflicting testimony, and the credibility of the witnesses. A conviction, however, is "not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." State v. Moore, Montgomery App. No. 20005,2004-Ohio-3398, quoting State v. Gilliam (Aug. 12, 1998), Lorain App. No. 97CA006757. The weight to be given to the evidence, and the credibility of the witnesses are issues primarily for the trier of fact. DeHass, supra. Further, the jury is free to believe all, or any of the testimony.Jackson, supra. Thus, the fact that the jury may not have found all of Renee's testimony to be credible, and/or all of Hairston's testimony to be credible is not a basis for reversal on manifest weight grounds.
 {¶ 14} Further, while there were inconsistencies between the testimony of Renee and Hairston, much of the testimony was consistent in significant areas. Both agreed that Hairston and appellant were at Renee's residence on the date at issue, and that Hairston took possession of Renee's gun with appellant's assistance. Both also agreed that Renee ran out of the house, and that Hairston and appellant left Renee's residence by taking Kelly's van without permission. After carefully reviewing the trial court's record in its entirety, we conclude that there is nothing to indicate that the jury clearly lost its way or that any miscarriage of justice resulted. Consequently, we cannot say that defendant's conviction is against the manifest weight of the evidence. Accordingly, we overrule appellant's assignment of error.
 {¶ 15} For the foregoing reasons, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Sadler and Travis, JJ., concur.