[Cite as *In re S.M.*, 2022-Ohio-2516.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

IN RE: S.M.

:
:
:    Appellate Case No. 29359
:
:    Trial Court Case No. E-2021-003764-01
:
:    (Appeal from Common Pleas Court-
:    Juvenile Division)
:
:

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of July, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

TRAVIS L. KANE, Atty. Reg. No. 0088191, 130 West Second Street, Suite 460, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-appellant, S.M., appeals from the disposition of her case in the Montgomery County Court of Common Pleas, Juvenile Division, after she pled no contest to one count of attempted child endangering. In support of her appeal, S.M. argues that the trial court erred during her sentencing hearing because the court failed to afford her the opportunity to make a statement or to present information in mitigation of punishment. The State concedes error in that regard, and we agree that the trial court erred and deprived S.M. of her right to allocution. Therefore, the trial court's judgment will be reversed in part, and the matter will be remanded to the trial court for a resentencing hearing. In all other respects, the judgment is affirmed.

## Facts and Course of Proceedings

**{¶ 2}** On August 27, 2021, S.M. was charged by complaint with one count of endangering children, a misdemeanor of the first degree. S.M. initially pled not guilty to the charge, but she later entered a no contest plea to an amended charge of attempted child endangering, a misdemeanor of the second degree. The trial court accepted S.M.'s no contest plea, found her guilty, and sentenced her to 90 days in jail and one year of probation. Before imposing that sentence, the trial court briefly addressed S.M. at the sentencing hearing and asked where her children were and who would take care of them if she were sentenced to jail. Other than that, the trial court did not give S.M. the opportunity to make a statement during sentencing.

{¶ 3} After the trial court sentenced S.M., S.M.'s counsel requested to speak and asked the trial court if it would consider placing S.M. on house arrest as opposed to sending her to jail due to S.M.'s having an infant who was still nursing.   The trial court then asked S.M. how old her infant was, and S.M. responded "almost going to be two-months."   Sentencing Tr. (Dec. 15, 2021), p. 10.   In light of this information, the trial court did not grant house arrest but decided to give S.M. three and a half months before she had to report to jail so that she would have more time to nurse the infant and build up its weight before serving her sentence.

{¶ 4} S.M. now appeals, raising a single assignment of error for review.


**Assignment of Error**

{¶ 5} S.M. contends that the trial court erred during her sentencing hearing because the court failed to afford her the opportunity to make a statement or to present information in mitigation of punishment.   As noted above, the State concedes error in that regard.   After reviewing the record, we agree that the trial court erred and deprived S.M. of her right to allocution.

{¶ 6} A defendant's right to allocution is governed by Crim.R. 32(A)(1), which provides that, "[a]t the time of imposing sentence," the trial court is obligated to "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."   The right to allocution applies to both felony and misdemeanor convictions.   *State v. Cantrell*, 2d Dist. Champaign No.

2014-CA-19, 2015-Ohio-1936, ¶ 4, citing *State v. Collier*, 2d Dist. Clark Nos. 2006-CA-102, 2006-CA-104, 2007-Ohio-6349, ¶ 92.

{¶ 7} "Crim.R. 32(A)(1) clearly specifies that the court must extend an opportunity to both the attorney and the defendant to make a statement." *State v. Sexton*, 2d Dist. Greene No. 2004-CA-14, 2005-Ohio-449, ¶ 33. "The onus is therefore on the trial court to inquire of the defendant or his counsel as to whether they have anything to say which may affect the outcome of the sentencing." *State v. Faircloth*, 2d Dist. Montgomery No. 28715, 2021-Ohio-1514, ¶ 12. "While the defendant may waive the right of allocution, Crim.R. 32(A)(1) imposes an affirmative duty on the court to speak directly to the defendant on the record and inquire whether he or she wishes to exercise that right or waive it." *Sexton* at ¶ 31, citing *State v. Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178 (2000). " 'Where the record shows that the court did not afford the right of allocution, and where this is the only error in the record, the finding of guilt is not reversed, but instead the cause is remanded to the trial court for the sole purpose of resentencing.' " *Cantrell* at ¶ 4, quoting *State v. Conkle*, 2d Dist. Montgomery Nos. 24161, 24163, 2012-Ohio-1772, ¶ 41. "[R]esentencing is required unless the error is invited error or harmless error." *Campbell* at paragraph three of the syllabus.

{¶ 8} "The doctrine of invited error holds that a litigant may not 'take advantage of an error which he himself invited or induced.' " *Id.* at 324, quoting *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.*, 28 Ohio St.3d 20, 502 N.E.2d 590 (1986), paragraph one of the syllabus. (Other citations omitted.) The doctrine of harmless error for criminal cases provides that: "Any error, defect, irregularity, or variance which does not affect

substantial rights shall be disregarded." Crim.R. 52(A). Therefore, for harmless error, it must be determined "whether the rights affected are 'substantial' and, if so, whether a defendant has suffered any prejudice as a result." *State v. Harris*, 142 Ohio St.3d 211, 2015-Ohio-166, 28 N.E.3d 1256, ¶ 36, quoting *State v. Morris*, 141 Ohio St.3d 399, 2014-Ohio-5052, 24 N.E.3d 1153, ¶ 24.

{¶ 9} The Supreme Court of Ohio has explained that "a trial court's failure to address the defendant at sentencing is not prejudicial in every case." *Campbell* at 325. For example, in *State v. Reynolds*, 80 Ohio St.3d 670, 687 N.E.2d 1358 (1998), the Supreme Court found an allocution omission to be harmless error in a capital case where defense counsel made a statement to the judge on the defendant's behalf and the defendant made an unsworn statement to the jury in the penalty phase and sent a letter to the judge. *Campbell* at 325, citing *Reynolds* at 684.

{¶ 10} In the present case, the record establishes that the trial court did not afford S.M. the right of allocution during her sentencing. After the trial court accepted S.M.'s no contest plea and found her guilty, it immediately sentenced S.M. without asking her if she had anything to say regarding her case or whether she wished to waive her right to speak on the matter. Nothing in the record indicates that S.M. invited this error or that the error was harmless, as neither S.M. nor her counsel made any form of statement to the trial court regarding her case in mitigation of punishment. Thus, the trial court's failure to afford S.M. the right of allocution requires resentencing.

{¶ 11} S.M.'s sole assignment of error is sustained.

## Conclusion

{¶ 12} Having sustained S.M.'s assignment of error, the judgment of the trial court is reversed in part, and the matter is remanded to the trial court for a resentencing hearing that complies with Crim.R. 32(A)(1). In all other respects, the judgment is affirmed.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Travis L. Kane
Hon. Helen C. Wallace